No. 2272.—Dr. Armand Mercier v. The New Orleans and Carrollton Railroad Company.

To enable a party to recover damages for injuries caused him by a collision with a street car, he must show that he exercised a reasonable degree of prudence and caution in endeavoring to avoid the accident. If, on the contrary, the evidence shows that the person injured by such a collison, while the car was in motion on the track, failed to exercise a reasonable degree of prudence, which if he had done the accident would not have occurred, he can not recover damages from the company for the injuries received, either to his person or his property, even though the driver of the car be himself at fault.

APPEAL from the Seventh District Court, parish of Orleans. *Col-lens*, J. *C. Roselius* and *C. Dufour*, for plaintiff and appellee. *W. H. Hunt* and *L. E. Simonds*, for defendant and appellant.

This case was tried by a jury in the court below.

Ludeling, C. J. The plaintiff claims $10,000 damages for injuries to his person and to his buggy and horse, caused by a collision with one of the cars of defendant in 1867. There was judgment against the defendant for $7041, and the defendant appealed.

From the plaintiff's own statement in the record, it appears that he was going along Erato street, across St. Charles street, towards the swamp, in his buggy, with the top thrown back, so that he could. clearly see all around him; that he was driving at a slow trot; that he crossed the first track safely, but before clearing the second track a car going up toward Carrollton struck the hind wheel of the buggy and broke it, throwing him out and inflicting a wound on the left elbow and injuring two fingers of the right hand; that he saw the car approaching at a fast trot; saw the driver apparently making change,

with his face turned from him; that he called to the driver of the car to stop, and on perceiving that the driver did not turn or appear to hear him, he called out a second time; that he proceeded across the track leisurely, neither attempting to check his horse or quicken his speed; that when he called to the driver the second time the latter turned, but it was too late, the car was not stopped in time to prevent the accident.

From his own statement it appears the plaintiff saw the danger, and yet he incurred the risk. He could have avoided it by stopping until the car had passed, or by quickening the pace of his horse, but he chose to do neither. He called upon the driver, who did not see the danger, to do what it was his duty to have done. Whether the defendant was in fault or not is not material in this case, as it is clear that the plaintiff's heedless conduct directly contributed to the collision. 9 An. 441; 3 An. 48; Knight v. Pontchartrain Railroad Company, 23 An.

It is now well settled that if a party injured might have avoided the accident by the exercise of a reasonable amount of prudence, and he did not do it, he can not visit his own indiscretion or want of judgment upon the other party, even though that party be himself in fault. Redfield on Railways, 119, § 117.

It is therefore ordered and adjudged that the verdict of the jury be set aside; that the judgment of the district court be annulled, and that there be judgment in favor of the defendant rejecting the plaintiff's demand, with costs of both courts.