SOMMERYILLE, J.
Plaintiff sues for damages for personal injuries sustained by her while in the store of the defendant company in the early afternoon of July 14, 1919.
She alleges negligence and fault on the part of the defendant for leaving a box or-ease in one of the aisles of the store which she was traversing, which box she did not see until she had tripped upon it and sustained the injuries complained of.
The defendant admitted the accident at the time and place indicated, but denied negligence on its part and alleged contributory negligence on the part of plaintiff. There was judgment in favor of plaintiff for $500, and defendant has appealed. Plaintiff has answered the appeal and asks for an increase in the amount of the judgment to $5,000.
The defendants’ place of business is one which is known as a “piggly-wiggly,” and which is constructed along lines to serve customers witlrout the assistance of salesmen. The customers enter the door and traverse four connecting aisles, running parallel, with goods displayed and the prices marked on shelves which line the four aisles. The customer is supposed to select the goods from the shelves, which are already marked with the prices, and to make his exit through the door at the end of the fourth aisle where he pays for what he has purchased. He is not supposed to traverse his steps.
The plaintiff in this instance entered aisle No. 1 and picked up a package of coffee on a shelf at her right hand and then proceeded through aisles 2, S, and 4, making other selections, when she decided to retrace her steps and return to the first aisle for the purpose of depositing the one-pound package of coffee which she had selected and to take a half pound in its stead. She says that she was making a hurried trip, when she fell over a case or box in aisle No. 1, and sustained the injuries complained of. Defendant admits that the box was left in aisle No. 2 for the purpose of transferring some baking powder therefrom to the shelf before which the box was left standing. On the other hand, plaintiff alleges and testified that the box was in aisle 1 just as she turned from aisle 2, and that she did not see it until' after the accident.
We think the evidence sustains defendant and find that the box was in aisle 2, because the contents of the box were to be transferred to the shelf before which it stood in aisle 2, and because the injuries to plaintiff were altogether on her left side, whereas, if the box had been in aisle 1, where she states it was, the injuries suffered could not have been on the left side.
[1] It was negligence on the part of the defendant to leave the box in the aisle; and, had the accident happened while plaintiff was engaged in inspecting the wares and merchandise on either side of the aisles, the case would be different. It might have been supposed that she was engaged in inspecting .the goods which she expected to purchase, and therefore did not see the obstruction on the floor.
[2] But plaintiff was not thus engaged at the time .of the accident. According to her own statement, she was going in an opposite direction to the one she was supposed to be *453 going;- and she was going in a hurry. Her attention was not attracted by the goods on the shelves, and she carelessly traversed the full length of aisle No. 2, some 27 feet, without seeing the box. She should and would have seen the box if she had exercised reasonable care and caution, located, as it was, on the floor at the other end of the aisle, and no person was in the store but herself and the cashier.
Defendant pleaded contributory negligence on the part of plaintiff, and the negligence on her part was proved by her own evidence, which was offered and received without objection ; and, thus being at fault, it is well settled that she cannot recover damages.
It is therefore ordered, adjudged, and decreed, that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of defendant dismissing plaintiff’s demand at her costs.