(93 South. 102)

No. 23729.

## FOSHEE v. GRANT.

(June 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Negligence ⊗≈≈32(2)—One entering ware-room not open to public held not an invitee.**

Where a room in the rear of the defendant's barroom was used as a wareroom, and was not open to the public and was in a disordered condition, though patrons at times entered it and were served through an opening near the bar, one so doing was not an invitee.

2. **Negligence ⊗≈≈33(1) — Only duty to trespasser to avoid wanton or intentional injury.**

Defendant owed to one entering storeroom in the rear of his saloon without invitation, express or implied, no greater duty than to see that he was not wantonly or purposely injured.

3. **Negligence ⊗≈≈56(1)—No causal connection between sale of liquor to one in wareroom and his act in sitting on barrel covered with lye.**

Where plaintiff entered a wareroom in the rear of defendant's saloon and was served with beer through a window and then sat down on a barrel, the head of which was covered with concentrated lye, and which was off to one side and not in line with the window where he was served, there was no causal connection between his purchase of the beer and his act in seating himself on the barrel.

4. **Negligence ⊗≈≈67—Person injured by sitting down on barrel covered with lye held negligent.**

Where one sitting down on an empty barrel in a storeroom in the rear of a saloon could have seen concentrated lye on the head of the barrel if he had looked, he was negligent, and his negligence was the proximate cause of his injury due to the lye.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrews, Judge.

Action by Edward W. Foshee against Richard H. Grant. From a judgment for defendant, plaintiff appeals. Affirmed.

Hawthorn & Stafford, of Alexandria, for appellant.

Blackman & Overton, of Alexandria, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. Defendant, previous to the adoption of the Eighteenth Amendment to the federal Constitution, owned a barroom at Boyce, Rapides parish, where intoxicating liquors were sold at retail. The building in which the bar was kept fronted on the main street of the town. In the rear, separated by a partition wall from the bar, was a room used as a storage or wareroom, where the stock of liquors in barrels, kegs, and cases was kept, and where empty barrels, kegs, and boxes were stored. There were two doors opening from the main saloon into the wareroom, one immediately back of the bar counter or place where the clerks served the patrons, and the other on the opposite side of the room. The door next to the bar counter was cut in half, and the top of the bottom half served as an improvised counter from which, and through the upper opening, liquors were occasionally served to persons who appeared through the back room. There was a door in the back end of the wareroom opening out onto a porch which furnished an entrance from an alleyway leading from the main street to the rear of the building. On a Saturday afternoon in June, 1917, the plaintiff and four friends, finding the main saloon crowded, went around through the alley and entered the wareroom through the back door, where they were served some beer by one of the bartenders through the opening made in the door. One of the crowd, when he had finished drinking his beer, went out through the main barroom. The others lingered for a while. The plaintiff, feeling fatigued, leaned up against an empty whisky barrel for about 10 minutes, and finally climbed up and seated himself on the top of the barrel, which was standing on its end some six or eight feet from where the beer

had been served. The head of the barrel was covered with concentrated lye dissolved into a liquid. The seat of plaintiff's trousers became saturated with the lye, which penetrated the skin and flesh of the right buttock, causing a severe and painful burn. The skin peeled off in the course of time, leaving a sensitive spot about the size of one's hand. The place had practically healed over when this suit was filed some four months after the occurrence.

For the injury sustained plaintiff brought this suit against the owner of the saloon for $4,100 damages. The theory on which defendant is sought to be held liable is that, having invited the plaintiff upon his premises for the purpose of doing business at a profit, the defendant was negligent in permitting a strong chemical like concentrated lye to be- in a place where plaintiff might come in contact with it and be severely burned. The defendant denied any liability and denied having any knowledge of the presence of any concentrated lye on the premises. He alleges that the room in which plaintiff was injured was a private warehouse; that plaintiff went into said room on his own accord and without invitation, express or implied, and that he was a trespasser and assumed all risks. It is further alleged that the plaintiff was guilty of negligence, and which negligence was the proximate cause of the accident. There was judgment rejecting the plaintiff's demand, and he has appealed.

[1, 2] The evidence conclusively establishes that neither the defendant nor his son, who was the active manager and keeper of the barroom, had any knowledge of the presence of the lye in the wareroom. Nor did the defendant know that the plaintiff had been burned until he was served with the citation in this case. It is further established by an overwhelming weight of the testimony that the wareroom in which the plaintiff and his friends went to get the beer was not open to the public, and was not arranged for nor intended to be used in connection with the saloon in serving liquid refreshment. The wareroom was exclusively for the private use of the owner in storing his stock of liquors and the usual accumulation of empty barrels, kegs, and boxes and other articles of junk. This fact was generally acknowledged, accepted, and understood by the citizens of the town, a number of whom testified in the case. These, without exception, testified that the room was publicly known to be a private room, separate and apart from the barroom and used for storage purposes. It is true that the plaintiff and his four friends were served beer through the opening made by cutting the door in half, and perhaps at various times others had entered the wareroom from the rear and were served in like manner, but it was not a common occurrence. The opening in the door was made to afford more light to the barroom, and not for the purpose of connecting the wareroom with the barroom to accommodate the public. The disordered condition of the storage room was sufficient notice, it would seem, to any one gaining entrance from the rear that the room was not intended to be converted into a public saloon. In these circumstances and under the facts stated, it is clear that the plaintiff could not be considered in law an invitee in the wareroom, but he selected the occasion and took the circuitous route of his own accord in the hope that he might get the bucket of beer for his crowd with the least possible delay. Having entered the wareroom without invitation, expressed or implied, the defendant owed the plaintiff no greater duty than to see that he was not wantonly or purposely injured. And, even if the employees of defendant waited upon the plaintiff instead of ordering him out of the wareroom, it was no place for loitering, and the empty whisky barrel, standing over in the corner with other barrels, boxes, and junk, was in

no sense an attractive nor an inviting and convenient place for repose and rest. The authorities cited by counsel and discussed at 'length in their brief can have no application to the facts of this case.

[3, 4] But, even if it were conceded that the plaintiff had the privilege of going into the warehouse and was impliedly invited to do so for the purpose of being served with beer, he cannot recover under his own testimony. He admits that it would have been to his interest to have looked at the barrel before taking his seat on it, which he did not do. He says that he is in the habit of sitting on barrels and kegs when he is tired and he never looks before sitting down; that he should have looked at the barrel before sitting down, but that he never thought of it. There was plenty of light in the room, and he admits that he could have seen the liquid on the barrel if he had only looked. The solution was about three-quarters of an inch deep on the head of the barrel and was plainly visible. The barrel, as stated, was off to one side, and was not in line with the window where the plaintiff went to get his beer. If, after getting his beer, the plaintiff had gone out through the saloon, or had returned the way from whence he came, he would have suffered no injury. There was therefore, no causal connection between the purchase of the beer and plaintiff's seating himself on the barrel.

In the case of Williams v. Liberty Stores, Inc., 148 La. 450, 87 South. 233, the plaintiff sued for damages caused by falling over, or being tripped, by a box which the storekeeper had left in the middle of one of the aisles of the store. The court held the defendant guilty of negligence, but denied recovery because of the negligence of the plaintiff in failing to exercise proper care and caution. The court said:

"She should and would have seen the box if she had exercised reasonable care and caution, located, as it was, on the floor at the other end of the aisle, and no person was in the store but herself and the cashier."

The negligence of the plaintiff in this case is proved by his own evidence, and being in fault himself, and that fault being the proximate cause of his injury, it is well settled that he cannot recover damages.

The judgment appealed from is affirmed, with costs.