HENDRICKS, Appellant, v.  M A I S O N

BLANCHE  CO.

———

(January 17, 1927.  Opinion and Decree.)

———

*(Syllabus by the Court)*

1.  Louisiana  Digest—Negligence—Par.  10, 11.

It  is  not  ordinarily  the  duty  of  an  employee  to  assist  the  customer  in  a store  in  descending  from  a  shoeshine stand  in  the  absence  of  a  request  for assistance  or  of  evident  necessity.

2.  Louisiana  Digest—Negligence—Par.  1, 10, 11.

To  maintain  an  action  by  a  customer against  the  owner  of  a  store  for  apparent  defects  in  the  building  two elements  must  concur,  viz.:  fault  on the  part  of  the  master,  and  ignorance of  danger  on  the  part  of  the  customer.

3.  Louisiana  Digest—Negligence—Par.  25.

Negligence  on  the  part  of  the  customer  will defeat  his  action.

(Civil  Code,  Article  2315.    Editor's  note.)

Appeal  from  Civil  District  Court.  Hon. Wm.  H.  Byrnes,  Jr.,  Judge.

Action  by  Mrs.  M.  Hendricks  against Maison  Blanche  Company.

There  was  judgment  for  defendant  and plaintiff  appealed.

Judgment  affirmed.

Jos.  H.  Brewer,  of  New  Orleans,  attorney for  plaintiff,  appellant.

Gordon  Boswell,  M.  B.  Williams,  of  New Orleans,  attorneys  for  defendant,  appellee.

CLAIBORNE,  J.  This  is  a  damage  suit for  falling  from  a  shoeshine  stand. .

The  plaintiff  made  the  following  allegations:  .

That  she  is  "above  the  full  age  of majority";  "that  on  March  15,  1924,  she  entered  the  department  store  operated. by  defendant  herein  for  the  purpose  of  making certain  purchases  and  that  while  therein she  noticed  a  shoeshine  parlor  or  stand being  operated  by  the  defendant  herein, said  shoeshine  parlor  or  stand  being  open to  the  public;  accordingly  petitioner mounted  the  shoeshine  parlor  or  stand which  extends  upwards,  the  seat  being several  feet  above  the  ordinary  floor  level".

"Your  petitioner  alleges  that  she  instructed  one  of  the  employees  of  the  defendant  herein  to  shine  her  shoes  and that  the  employee  of  the  defendant  carried  out  her  instructions,  and  a  little  later, having  been  told  by  the  employee  assigned to  the  shining  of  shoes  in  this  department that  the  shining  of  said  shoes  was  completed,  your  petitioner  deeming  it  safe  to get  down  from  said  stand  proceeded  to  do so,  when  suddenly  and  without  any  warning  whatsoever  or  negligence  on  her  part, she  fell  violently  to  the  floor  and  sustained the  following  damages:  *  *  *  Your  petitioner  avers  that  the  said  accident  was caused  solely  by  the  negligence  of  the  defendant's  employee  assigned  to  said  shoeshine  parlor  or  stand,  first,  in  not  aiding and  assisting  plaintiff  from  the  said  stand, and  second,  by  the  negligence  of  the  defendant  in  not  providing  a  more  suitable and  safer  stand  for  the  shining  of  shoes; third,  that  she  used  due  care  and  diligence in  getting  off  of  said  stand,  but  that  in spite  of  her  care  and  diligence  she  fell  and was  injured."

She  prayed  for  $40,375  damages.

The  defendant  excepted  that  plaintiff's "petition  does  not  recite,  set  out,  or  disclose  a  right  or  cause  of  action".

The  exception  was  sustained  and  the  suit dismissed.  Plaintiff  appealed.

We are of the opinion that the judgment is correct. The negligence charged to the defendant is twofold:

1st. That defendant's employee did not assist plaintiff from the stand.

There is no allegation that assistance was necessary, or customary, or that plaintiff asked it and was refused. On the contrary, the plaintiff alleged that she was "above the full age of majority". The presumption arises that she was able to take care of herself.

It is not ordinarily the duty of a carrier to assist a passenger in alighting in the absence of notice that he needed assistance.

"A mere general allegation that it is the duty of a conductor to assist a female passenger in alighting from a car is subject to a special demurer." 80 S. E. 626; 2 L. R. A. Digest 1282; Hutchinson on Carriers, Sec. 1127; 10 C. J. 830.

"If, owing to physical peculiarities of the plaintiff it was unsafe for her to use the appliances (steps of a street car) which are altogether adequate for ordinary passengers, she ought to have called the attention of the employee of the defendant company to that fact and asked for assistance. It is not, in such circumstances, negligence for the employees of the company to fail to volunteer their assistance." 71 Pa. Sup. Ct. 103; 24 N. C. C. A. 621. See also Freeman vs. N. O. Public Service Inc., 1 La. App. 600; Bass vs. I. C. Ry. Co., 4 La. App. 175.

2nd. There was no allegation that the "stand was defective in its construction", except that it "stands several feet above the floor level," nor that it was constructed in a manner different from or more dangerous than other stands. At any rate that danger, if it was one, was apparent, and which plaintiff, by due care, could have guarded against. The defendant was bound only to use ordinary care in furnishing the stand to its customers. Yet where employees have been injured under similar circumstances the rule is that masters are bound only to furnish them such places or appliances as are reasonably safe and are in general use. 26 Cyc. 1107; Jones vs. Jahncke Service, 3 La. App. 270.

In the case of Flynn vs. Sporl, 3 Orl. App. 441, it was so decided. The plaintiff was an employee; she slipped upon the steps and alleged that there was a defect in their construction. The court said:

"The alleged defect was apparent and the plaintiff assumed the risk; the employer was bound to give only the reasonable safe appliances in accordance with the nature, custom, necessities of the business."

In support of its opinion the court cited Carey vs. Selleris, 41 La. 500, 6 South. 813, in which it was said:

"To maintain an action by a servant against a master for an injury resulting from defective buildings, premises or appliances, two elements must concur, viz.:

"Fault or knowledge on the part of the master; innocence of fault or ignorance of the danger on the part of the servant."

"However gross the fault of the master in subjecting the servant to risk from such causes, yet when the servant knows the defects and danger and still knowingly and without protest consents to incur the risk to which he is exposed thereby, he is deemed to assume such risk and to waive any claim for damages against the master for injury resulting therefrom." 1 Labatt S. 274; Tillotson vs. T. & P. R. R. Co., 44 La. Ann. 95, 10 South. 450; Cooley on Torts 55; 47 N. W. 182; 139 N. Y. 369; 48 Atl. 493; Wood M. & S., S. 334; 138 Mars. 390; 72 N. Y. Supp. 67; 119 N. Y. 221; 47 Fed. 690; 170 U. S. 665.

"Where an employee is not placed by an employer in a position of undisclosed danger, but is a mature man doing the ordinary work which he was engaged to do,

and whose risks are obvious to anyone, he assumes the risk of the employment, and no negligence can be imputed to an employer for an accident to him therefrom." Moffet vs. Krach, 106 La. 372, 31 South. 40, adopting the syllabus in Kohn vs. McNulta, 147 U. S. 238. Also Clogher vs. N. O. Ry. & Lt. Co., 143 La. 85, 78 South. 247.

In Wave vs. Evangelical Baptist Society, 181 Mass. 285, 63 N. E. 885, it was said:

"It is a matter of common observation that on entering and leaving stores, halls, railways, cars, stations and platforms, office buildings, and other buildings and places and private houses, adjoining surfaces are frequently at different levels, and the difference in level has to be overcome by one or more steps, or by some other device. The same thing happens in the interior of buildings and structures. We cannot think that such a construction is of itself defective or negligent, and where the plaintiff fell down a step or steps it would say that the accident was due, to say the least, quite as much to her own inattention as to the presence of the step." Wiggins vs. Standard Oil Co., 141 La. 533, 75 Sopth. 232.

3rd. It is perfectly evident that it was plaintiff's want of care or her negligence that caused the accident. This bars her from recovery. Gibbons vs. N. O. Terminal Co., 1 La. App. 371; Mercier vs. New Orleans & C. R. R. Co., 23 La. Ann. 264; Schwartz vs. Crescent City R. Co., 30 La. Ann. 15; Houston vs. Vicksburg S. & R. R. Co., 39 La. Ann. 799, 2 South. 562; Pollock vs. T. J. Sellers Co., 42 La. Ann. 623, 7 South. 786; McCarthy vs. Whitney Iron Works Co., 48 La. Ann. 97, 20 So. 171; Williams vs. Liberty Stores, Inc., 148 La. 450, 87 South. 233.

The plaintiff has asked that this cause be remanded to enable her to file an amended petition. But this suit was filed on September 3, 1924. The defendant is entitled to his peace of mind. There must be an end to litigation. It does not appear to us that the plaintiff can make other allegations to give her a cause of action. But if she can she may make them in another suit. For these reasons the cause will not be remanded.