PRICE, Judge.
This is an appeal by plaintiff from an adverse judgment in a tort action arising out of a “trip and fall” incident in a retail grocery store.
Robert Claude Ferrington and his wife, Vergie Ferrington, brought this action against Cleavon R. McDaniel and Cleavon Reggie McDaniel, Jr., who operate a large grocery supermarket in Columbia, Louisiana, under the trade name “Mac’s Dixie Dandy.” Also joined as a defendant is the liability insurer of the premises, State Farm Fire and Casualty Company.
Plaintiffs contend Vergie Ferrington was injured on March S, 1974, when she tripped on a box while shopping in the McDaniels’ store and sustained various internal injuries, contusions, a knee sprain and severe back injury. Substantial damages are claimed for her personal injuries, loss of wages and related medical expense.
The resume of the facts and circumstances from which plaintiff’s injury stems as related by the trial judge in his reasons for judgment áre in accord with the evidence and are concisely stated as follows:
"... Plaintiffs, husband and wife, entered the defendant’s store on a routine shopping trip at about 11:00 A. M. After selecting various items needed for purchase the plaintiffs approached check out counter #1 situated near the main entry and exit to the store. Another customer was checking out and while waiting Mrs. Ferrington noticed she had overlooked one item and asked the check *881 er to advise her where it was located. She was advised it was near check out stand #4, which was not in use at that time. Mrs. Ferrington then left her husband in the line and proceeded to walk alone down the aisle toward check out stand #4 to get the desired merchandise. The aisle was flat and level.
“Behind each check out stand was a large rack used to display candy and miscellaneous items. The racks faced the aisle used by the public and were situated on the back side of the cash registers. Merchandise was normally placed in these racks by the employees who operated the check out stands and were filled during slack hours when the checkers were not busy checking out customers. One of the checkers had spent most of the morning placing candy in the racks having started out with approximately 1 dozen cardboard boxes. Near 11:00 A. M., this particular employee prepared to go to lunch. She removed empty boxes and left 1 full box on the floor pushed against the rack at the edge of the aisle intending to empty this box after lunch. Some testimony introduced seems to indicate there were 2 boxes but the court feels there was probably only 1, a Hershey box. The full box was situated on the aisle side of check out stand #3. This checker who left it there apparently left the store before plaintiff’s fall.
“Check out stand #3 was situated between # 1 and #4. The aisle between the check out stands and card rack units and the large gondolas on which most merchandise was displayed was well lighted, wide, free of trash and loose debris, foreign objects and slippery substances. The box involved was not extremely large or extremely small. Witness have described it or them as being 71/2 to 10 inches in height each, by 10 to 12 inches in width by 18 to 20 inches in length. At most, it or they would have a combined height of 10 to 20 inches. Plaintiff testified the height was no more than 10 inches from the floor. As situated, the box or boxes did not present any peculiar or trap like hazard and it was not hidden from view. At the time of plaintiff’s fall the store was not crowded and the aisle where the fall occurred was not crowded. ■ No one obstructed plaintiff’s view of the box or jostled her as she approached it.
“Mrs. Ferrington walked from her husband’s side from the area of check out stand #1 toward check out stand #4. She was not running but walking swiftly and as she neared check out sand #4 she tripped over the box or boxes of candy in the aisle adjacent to stand-#3 and fell forward over the box or boxes flat onto the floor in the aisle. Her fall was heard by several but observed by only one other. An employee, a bystander and Mr. Ferrington assisted her up from the floor and from thence she and her husband left the store and proceeded to a nearby hospital where she received treatment. ...”
The trial judge concluded plaintiffs had not shown negligence on the part of the store owners in keeping the aisle in question reasonably safe for its customers and further found Mrs. Ferrington was negligent in not maintaining a proper lookout. Defendants’ plea of contributory negligence was therefore sustained.
On this appeal plaintiffs submit the trial court was in error in not finding “Mac’s Dixie Dandy” negligent in leaving the box in the customer aisle and in holding Mrs. Ferrington was guilty of contributory negligence.
Conceding that plaintiffs are correct in their position that the employee of “Mac’s Dixie Dandy” was negligent in leaving the box in the aisle, we shall discuss the issue of contributory negligence first as an af-firmance of this finding of the trial court would be dispositive of the question of liability.
*882 The only person who saw the full sequence of events leading up to Mrs. Fer-rington’s fall was a salesman, Bobby Col-vin, who was assembling a flour display on the opposite side of the main aisle behind the check out counters. He apparently had an unobstructed view of Mrs. Ferrington and had noticed her when she left check out stand #1 to go to stand #4 to pick up an additional tobacco item she had forgotten. He testified the distance she walked from check stand #1 to the box where she fell was twenty feet and that the aisle was ten feet in width. He described Mrs. Fer-rington’s actions thusly:
“She left the shopping cart and proceeded down behind in front of the candy racks behind number one and number two and almost through the number three check out with her arms outstretched like this. The reason I was looking at this angle and watched her all the way down was the pace that she was moving and arms outstretched, like for instance, whatever she was going after was going to run away from her. And then she stumbled over the box and fell out into the aisle. I noticed when she, with arms, outstretched, when she fell in the aisle that she fell on her elbow. I went over to help her up. . . . ”
Colvin also testified the candy box was shoved against the bottom of the candy rack at check stand #3 and did not project into the aisle more than 16 to 20 inches.
Plaintiffs rely primarily on the expressions of the Supreme Court in Paxton v. Ballard, 289 So.2d 85 (La.1974), as absolving Mrs. Ferrington of contributory negligence. It is argued that the box in this case, because of its similarity in color to the floor, constituted a trap as did the protruding bottom shelf of the display rack involved in Paxton.
We find the instant case to be more analogous to the circumstances presented in the Supreme Court case of Williams v. Liberty Stores, 148 La. 450, 87 So. 233 (La. 1921), than to Paxton. In the Williams case the court found the plaintiff contribu-torily negligent under circumstances described as follows:
“It was negligence on the part of the defendant to leave the box in the aisle; and, had the accident happened while plaintiff was engaged in inspecting the wares and merchandise on either side of the aisles, the case would be different. It might have been supposed that she was engaged in inspecting the goods which she expected to purchase, and therefore did not see the obstruction on the floor.
“But plaintiff was not thus engaged at the time of the accident. According to her own statement, she was going in an opposite direction to the one she was supposed to be going; and she was going in a hurry. Her attention was not attracted by the goods on the shelves, and she carelessly traversed the full length of the aisle No. 2, some 27 feet, without seeing the box. She should and would have seen the box if she had exercised reasonable care and caution, located, as it was, on the floor at the other end of the aisle, and no person was in the store but herself and the cashier.”
In this case the photographs show the aisle through which Mrs. Ferrington was proceeding was spacious in width and uncluttered. It was described as well lighted and there were no other persons proceeding in the aisle at the time to have crowded her. Even though the box may have been of a similar color to the floor, it was also described as having a label of contents printed on its outside which should have rendered it distinguishable from the floor.
Mrs. Ferrington had completed her general shopping activity at the time of her fall and her attention was not being attracted to various merchandise on shelves which would have lessened the degree of care required of her under the prevailing jurisprudence. She was traversing a route of some 20 feet to pick up a single item at *883 a location known to her. We are of the opinion that she would have seen the box under the circumstances presented had she used reasonable care and looked where she was proceeding.
We therefore find the trial judge properly sustained the plea of contributory negligence. In accord with the foregoing reasons the judgment is affirmed.