336 So.2d 796 (1976)
Robert Claude FERRINGTON et ux.
v.
Cleavon R. McDANIEL et al.
No. 57468.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
D. G. Brunson, Jonesboro, John J. McKeithen, Columbia, Baker, Culpepper & Brunson, Jonesboro, for plaintiffs-applicants.
W. Craig Henry, Hudson, Potts & Bernstein, Monroe, for defendants-respondents.
MARCUS, Justice.
Mr. and Mrs. Ferrington sue for personal injuries sustained by Mrs. Ferrington while in Mac's Dixie Dandy Store in the late morning of March 5, 1974. Named as defendants are Cleavon R. McDaniel and Cleavon Reggie McDaniel, Jr., owners of said store, and State Farm Fire and Casualty Company, liability insurer of the premises. Plaintiffs allege negligence on *797 the part of defendant store for leaving a box or boxes in one of the aisles of the store which Mrs. Ferrington was traversing in search of some merchandise from the shelves of said store. Plaintiffs further allege that Mrs. Ferrington did not see the box until she had tripped upon it and sustained the injuries complained of. Defendants admitted the accident at the time and place indicated, but denied negligence on their part and alleged contributory negligence on the part of Mrs. Ferrington. The trial judge found no negligence on the part of the store owners and further concluded that Mrs. Ferrington was guilty of contributory negligence. Judgment was rendered dismissing plaintiffs' suit. The court of appeal affirmed, finding Mrs. Ferrington contributorily negligent. 323 So.2d 880 (La.App.1976). Upon plaintiffs' application, we granted certiorari.
The sole issues presented in this matter are: (1) the negligence of the store owners; (2) if negligent, whether Mrs. Ferrington's contributory negligence bars recovery; and (3) if store owners are liable, the amount of damages plaintiffs are entitled to recover.
The facts relative to liability are generally not in dispute. At about 11:00 a.m. on the morning in question, plaintiffs were shopping in Mac's Dixie Dandy, a supermarket-type grocery store in Columbia, Louisiana. There are four checkout counters located in the front part of the store. Behind each checkout counter is a rack used to display candy and other miscellaneous items. The racks face an aisle used by the public, making the merchandise thereon accessible to the customers prior to entering the checkout lines. Mr. Ferrington pushed the grocery cart as he and his wife traversed the store and selected various items of merchandise from the shelves on which the merchandise was displayed. As they approached checkout counter #1, several people were waiting in line. Before entering this checkout line, Mrs. Ferrington realized that she wanted to purchase some Red Seal snuff for her mother. She then left her husband with the cart of groceries near counter #1 and proceeded down the aisle to checkout counter #4 where this tobacco product was displayed on a shelf.
A brown cardboard box of Hershey bars protruded sixteen to twenty inches into the aisle from the end of checkout counter #3. This box was described as measuring ten to twelve inches in height, eleven to twelve inches in width, and sixteen to twenty inches in length. Lettering on said box was dark brown. Admittedly, the box had been left there by an employee of the store who had been previously engaged in stocking the candy shelf on the rack behind checkout counter #3 facing this aisle before he departed for lunch. The floor was medium brown to beige in color, and the store was well lighted. As Mrs. Ferrington traversed the aisle, she tripped and fell over the box of candy landing flat on her stomach. A flour salesman, who was engaged in preparing a display nearby, witnessed the accident. He testified that he observed Mrs. Ferrington leave the point where she had been standing with her husband, walk down the aisle past counters #1 and 2 and, as she passed counter #3 with her arms outstretched in the direction of counter #4, she tripped and fell over the box in the aisle. His testimony was that she walked a distance of some twenty feet. Mrs. Ferrington was helped up and thereafter taken to the hospital by her husband for emergency treatment.
While a store owner is not the insurer of the safety of his customers, he owes them an affirmative duty to use ordinary care to keep the aisles, passageways and floors in a reasonably safe condition. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975). The duty includes reasonable inspection of the premises for defects and obstructions to passageway, and reasonable warning of perils which the customers may not see through *798 the exercise of ordinary care. In Kavlich v. Kramer, supra, we stated:
Self-service grocery stores require customers to look for and to find the objects which they wish to purchase. these objects are placed upon shelves of various sizes and heights. Discernment of a particular object for purchase requires fairly strict surveillance of the shelving in order to discover the item desired. Numerous items displayed upon shelving along the aisles or walkways in self-service stores entice the customers to focus their eyes upon the display rather than on the surface upon which they walk. . . .
Under the facts of this case, we find that the store owners breached the duty to keep the aisle in a reasonably safe condition. The box left in the aisle created an obstruction which could not easily be seen by customers who were inspecting merchandise on the shelves as they shopped in this self-service supermarket-type grocery store. Clearly, this constituted negligence on the part of the store owners. Secondly, we find no merit in defendants' contention that Mrs. Ferrington was guilty of contributory negligence. We are unable to say that she acted unreasonably in focusing her eyes on the Red Seal snuff as she attempted to secure it from the shelf on which it was displayed and in not seeing the box located on the floor of the aisle. She had no reason to believe that there would be a trap-like obstruction in her passageway. Accordingly, we conclude that the court of appeal erred in finding Mrs. Ferrington guilty of contributory negligence. The facts of this case are similar to those in Paxton v. Ballard, 289 So.2d 85 (La.1974), in which we found no contributory negligence on the part of a store customer who tripped over a lower shelf which jutted some eighteen to twenty-four inches out into the aisle beyond the upper display shelves. We found that the shelf, combined with the brightly colored articles on the shelf, created a floor-level obstruction, which could not be easily seen by the customer and that the extended lower shelf created a trap.
Since we find that the accident herein was caused by the negligence of the store owners and that Mrs. Ferrington was free of contributory negligence, defendants are liable to plaintiffs for damages sustained by them as a result of this accident.
The district court, as well as the court of appeal, dismissed plaintiffs' suit; therefore, there was no consideration of the plaintiffs' claim for damages. In accordance with our usual procedure, this case will be remanded to the court of appeal for assessment of damages. See Felt v. Price, 240 La. 966, 126 So.2d 330 (1961).

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside, and judgment is rendered in favor of plaintiffs, Robert Claude Ferrington and Vergie Ferrington, and against Cleavon R. McDaniel, Cleavon Reggie McDaniel, Jr., d/b/a Mac's Dixie Dandy, and State Farm Fire and Casualty Co. in such sum as may hereinafter be fixed. The case is remanded to the Court of Appeal, Second Circuit, for the assessment of damages. All costs are taxed against defendants.
SUMMERS, J., dissents for the reasons assigned.
SUMMERS, Justice (dissenting).
I would not overrule the trial court and the unanimous judgment of the Court of Appeal on this purely factual case. See 323 So.2d 880 (La.App.1976). In these cases this Court has of late repeatedly granted certiorari to review factual determination contrary to the settled rule.