**Estina Bourque LARSON**

v.

**UNITED STATES of America.**

**Civ. A. No. 19251.**

United States District Court,
W. D. Louisiana,
Lafayette Division.

Dec. 13, 1978.

Edwards, Stefanski & Barousse, Nolan J. Edwards, Crowley, La., for plaintiff.

Edward L. Shaheen, U.S. Atty., and Frances O. Allen, Asst. U.S. Atty., Shreveport, La., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PUTNAM, Senior Judge.

This case is brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671, et seq., for the death of plaintiff's husband, Soren J. Larson. Her claim, in the amount of $25,054.79, was denied and her administrative remedy exhausted. We make the following findings and conclusions:

1. On December 9, 1972, Mr. Larson entered the lobby of the United States Post Office in Crowley, Louisiana. Just inside the doors was a large rug, which he had to walk across to enter the building. As he stepped from the rug to the lobby floor, the rug slipped from under his foot and he fell, fracturing the neck of his right femur.

2. An operation was performed on December 12, 1972. The femoral neck was removed and replaced with a hip prosthesis. Following the operation, Larson's condition changed radically. For a man of seventy-four years, he had been very active. He was mentally alert, capable of managing his own affairs, and often walked or drove his automobile about. After the operation, he was in an irrational and senile state, unaware of time, place, or the people around him. This condition, an organic brain syndrome, never improved and made it impossible for him to cooperate with his physical therapist and aid in his physical recovery.

3. Larson suffered from transient cerebral ischemia, a cerebrovascular disease related to his general arteriosclerotic condition. Ischemia is characterized by periods of blacking out and loss of function on one side of the body which strike without warning and could cause a fall such as occurred in this case. We find, however, that this ischemia did not cause or contribute to his fall. There was no evidence that he suffered an attack proximate in time to the Post Office incident.

4. The cause in fact of the fall was the rug, which slipped on the damp terrazzo floor. The weather that day was extremely damp. The condition of the floor was disputed, plaintiff claiming it was wet and defendant claiming it was dry. We find that the floor was damp.

5. The rug was located just inside the lobby doors. Neither the particular rug nor the type of rug present in the lobby that day is known. From time to time the rug was changed by an independent contractor. Defendant did not show any other inspection or precaution relating to the rug.

6. At some time during or immediately after his surgery, Larson had a stroke, caused by the general anesthetic used during the hip surgery. The advanced senility was the result of organic brain damage caused by this stroke. On February 22, 1973, a second stroke resulted in his death. He was seventy-four years of age. There is no doubt, and we so find, that the fall and hip injury contributed causally to his death.

7. Plaintiff and Mr. Larson had a happy and loving marriage. They were both active and enjoyed their life together.

8. The hip injury Larson incurred is a painful type of injury and we find that even in his postoperative irrational state he could and did experience pain until the time of his death.

9. At the time of his death, Larson was survived by his wife and three children by a prior marriage. The children did not bring suit.

10. Plaintiff proved medical and funeral expenses of $5054.79, paid by her.

## CONCLUSIONS OF LAW

1. Jurisdiction is founded on Title 28, United States Code § 1346(b).

2. The law of Louisiana is applicable to this case. Title 28, United States Code, § 2674.

3. The United States, through the Postal Service, owed Larson an affirmative duty to use ordinary care to keep the Post Office's aisles, passageways, and floors in a reasonably safe condition. The duty includes reasonable warning of perils which a patron may not see through the exercise of ordinary care. *Ferrington v. McDaniel*, 336 So.2d 796 (La.1976); *Gonzales v. Winn-*

*Dixie Louisiana, Inc.,* 326 So.2d 486 (La. 1976); *Newman v. City of Baton Rouge,* 260 So.2d 52 (La.App.1972). The test of liability is whether in the management of his property the defendant has acted as a reasonable man in view of the probability of injury to others. La.Rev.Civ.Code Arts. 2315, 2316; *Shelton v. Aetna Casualty & Surety Company,* 334 So.2d 406 (La.1976).

■ 4. Defendant failed its duty owed Larson. The rug presented a peril which could not be discovered through the exercise of ordinary care. The risk was great that an accident such as happened here would occur. There was no evidence that the rug was ever inspected by Post Office personnel to insure that it offered secure footing. Defendant failed to take reasonable precautions for the safety of its patron.

■ 5. Soren Larson was not contributorily negligent. There was no evidence of any negligence or lack of prudence on his part.

■ 6. Soren Larson did not assume the risk of the injury he suffered. There was no evidence of his knowledge of the risk.

■ 7. Estina Bourque Larson was not contributorily negligent. This defense was based on allegations that plaintiff, knowing her husband's ischemia could cause him to black out and collapse at any time, allowed him to go to the Post Office unsupervised. The evidence failed to show that his fall was caused by this condition and the defense must fail.

■ 8. Plaintiff is entitled to an award of the whole amount of the medical and funeral expenses. La.Rev.Civ.Code Art. 2315; *McFarland v. Illinois Central Railroad Company,* 122 So.2d 845 (La.App.1960); *Smith v. Manchester Insurance & Indemnity Co.,* 299 So.2d 517 (La.App.1974). Her award should include damages suffered by her by reason of the wrongful death of her husband, including her grief and mental anguish and loss of love and affection, and a one-fourth portion of the damages suffered by the deceased prior to his death. La.Rev.Civ.Code Art. 2315; *Austrum v.*

*City of Baton Rouge,* 282 So.2d 434 (La. 1973).

■ 9. We find that the total amount prayed for, $25,054.79, will adequately compensate plaintiff for all of the foregoing elements of damage and any other losses she may have sustained.

Judgment is rendered in favor of plaintiff and against the defendant in keeping herewith. Plaintiff's attorney shall immediately prepare and forward for signature an appropriate decree. Judgment will be entered when said decree is filed with the Clerk after signature.