This is a suit for damages. Plaintiff, Elliott W. Pittman, alleges that, on July 4, 1941, at about one o'clock a.m., he, in company with his wife and a friend, went to Gasper's Bar, a night club situated in the, Vieux Carre section of New Orleans, owned and operated by the defendant, Gasper W. Gulotta, 440 Bourbon St., for the purpose of partaking of refreshments and witnessing a floor show; that he and his party were ushered to a table by one of defendant's waiters where they were seated in view of the dance floor; that, shortly thereafter, his wife excused herself from the table and that, upon her return, he arose from his seat to greet her; that, when he arose, the wind from a large electric fan mounted on a stand immediately behind his seat blew his hair into his face; that he instinctively raised his right hand to push back the hair which had been blown in his face by the fan and that, when he did so, his right thumb and index finger were severely cut by the revolving blades of the electric fan, ultimately resulting in the amputation of his index finger. He further avers that the accident was caused as a consequence of defendant's negligence in that he failed to provide a proper guard around the revolving blades of the electric fan; in that he failed to warn plaintiff of the presence of the fan and in that he failed to maintain sufficient lighting in the night club so that plaintiff could see the danger to which he became subjected. He prayed for damages in the sum of $5500 to compensate him for his injury.
Defendant filed an exception of no cause of action to plaintiff's petition which was maintained with leave to amend. After amendment by plaintiff, in accordance with the order of court, another exception was filed by defendant which was overruled. Thereafter, defendant answered and denied generally the allegations contained in the petition and, in the alternative, pleaded contributory negligence as a bar to plaintiff's recovery.
After a trial on the foregoing issues, there was judgment in defendant's favor dismissing plaintiff's suit. Hence this appeal.
At the trial below, defendant introduced evidence tending to show that plaintiff's injuries resulted from an attempt on his part to stop the electric fan with his hand. However, we feel satisfied, after a careful perusal of the record, that the accident occurred substantially in the manner as claimed by plaintiff in his petition and we, therefore, find the facts of the case to be as follows.
Defendant operates a night club on Bourbon Street in the city of New Orleans. It consists of a dance floor, which is surrounded by tables where patrons are served with food and drink. Entertainment is provided by professional musicians and performers. The night club is dimly lighted and is of the usual character maintained by resorts of this type in the Vieux Carre section. On the night of the accident, plaintiff, accompanied by his wife and a Mr. Ducos, repaired to defendant's establishment for the purpose of witnessing the entertainment. The place was crowded, as it was July 4th, and plaintiff and his party were compelled to stand for a while as all the tables were occupied. After a short interval, they were escorted to a table in the corner of the night club. Directly in the rear of plaintiff's seat was a large electric fan on a pedestal, which had been provided by defendant as a cooling unit for the comfort of his customers. This fan stood about five and one-half feet from the floor, was thirty-six inches in diameter and was provided with the usual wire guards generally found on such devices. In other words, it was of standard make and design. Plaintiff asserts that, shortly after his party was seated at the table, his wife left to go to the ladies' dressing room; that, when she returned, he and Mr. Ducos stood up as a matter of courtesy; that, when he did so, the breeze from the fan blew his hair into his face; that he instinctively pushed his hair back and that, in doing so, his thumb and finger came in contact with the fan.
The sole question presented for decision is whether the District Judge erred in concluding that defendant was free from negligence under the foregoing state of facts. Plaintiff's counsel argue, at the outset, that the mere occurrence of the accident raised a presumption of negligence on defendant's part as the doctrine of res ipsa loquitur applies to the case.
[1, 2] We are unable to discern the applicability of the doctrine here. Res ipsa loquitur (or the thing speaks for itself) pertains only to cases where the nature of the accident is such that it would not ordinarily happen in the absence of fault. It has pertinence in matters where the instrumentality causing the damage explodes or otherwise fails to function properly and, *Page 345 
in other instances, where, because of the peculiar facts involved and the relationship of the parties, the defendant and not the plaintiff is in better position to produce explanatory evidence in order to absolve himself from an inference of fault. Neither one of these circumstances appears here — for the accident admittedly did not occur as result of a mechanical or electric failure of the fan and it is certain that plaintiff, whose finger came in contact with the fan, is in far better position to explain the accident than the defendant, who was not present and did not know anything about the occurrence until after it happened. Hence, it was encumbent that plaintiff allege and prove that defendant failed, in some particular, in his legal obligation to his patrons in order to render him liable.
On this score, we note that plaintiff relies on the following charges as exhibiting negligence on defendant's part:
(1) That the night club was operated without sufficient lighting.
(2) That the defendant failed to provide a proper guard around the revolving blades of the electric fan, and
(3) That defendant failed to warn him of the presence of the electric fan which was in close proximity to his chair.
[3, 4] Before we undertake a discussion of these claims, it is well to restate the general rule respecting the duty owed by proprietors of places of amusement to their patrons. It is, of course, well settled that a proprietor is not an insurer of the safety of his patrons and that he is charged only with the obligation of providing them with a reasonably safe building and equipment therein so that they will not be unnecessarily exposed to danger. The proprietor, like the owner of any building, is liable for injuries due to vices and defects in his premises and, if he maintains any equipment therein which is likely to cause damage to others, he should provide adequate safe-guards to avert accidents. See Cassanova v. Paramount-Richards Theatres, 204 La. 813, 16 So.2d 444, and authorities there cited. But, as above stated, he is not an insurer of his patrons' safety and is only required to maintain his premises in a reasonably safe condition. The devices used in connection with his business for the convenience of his patrons need not be foolproof.
[5, 6] When we apply the law to the facts of this case, we encounter no difficulty whatever in resolving that the trial judge correctly held that the defendant was free from fault and that the accident occurred solely through plaintiff's carelessness and inattention. The claim that the night club was dimly lighted is without substance for the reason that plaintiff entered the premises knowing the situation and there is no showing that he was unable to see or that he did not see the electric fan which was placed near his table. It seems certain that he must have been cognizant of the breeze emitted by the fan.
The same can be said with regard to plaintiff's claim that the fan was not properly guarded. The evidence shows that the fan was of the usual type and had the ordinary wire guards protecting the blades that one would expect to find on such devices. Plaintiff's position seems to be that it was defendant's duty to have provided guards covering the fan of such character as to make it impossible for any patron to injure himself either intentionally or negligently. We cannot concur in this postulation. We find it difficult to perceive that defendant had any legal duty to take such extraordinary precautions as he was not required to foresee or anticipate that anyone would unnecessarily expose his person to the revolving blades.
Insofar as plaintiff's claim that the defendant was negligent in failing to warn him respecting the presence of the fan in close proximity to his chair, it seems manifest that what we have heretofore said is sufficient to exhibit that this charge is without merit. It seems too plain to us to admit of argument that, when plaintiff entered defendant's establishment on a hot night, he should not only have expected to find the place equipped with electric fans for the comfort of defendant's patrons but that he was bound to observe them if he had exercised his senses in the slightest degree. In truth, it would be rather fatuous to hold that defendant should have been required to direct plaintiff's attention to the obvious.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 346