Plaintiff, a colored laborer employed by United States Army Air Forces at its intransit depot No. 7 in Shrewsbury, Louisiana, brought this suit to recover damages for personal injuries sustained by him on March 13th, 1943, while he was engaged in assisting in the unloading of a large trailer owned by the defendant which had delivered a load of freight at the warehouse of the intransit depot. He alleged that, when the truck and trailer of the defendant arrived at the warehouse, he was instructed by his superiors to assist the crew of the truck in unloading the freight contained in the trailer upon the platform of the warehouse; that, in doing so and while assisting defendant's employees in pushing a box onto a tow motor, two or three crates of steel plates, weighing approximately 800 lbs., fell upon the back of his legs and that, as a result, he suffered contusions of those members and a fracture of his left ankle bone. He further charged that the accident was caused solely by the negligence of the defendant in that the freight contained in the trailer was improperly loaded; that he had no knowledge that such was the case and that the defendant failed to warn him of the dangerous condition which existed.
The defendant admitted the accident but denied any negligence on its part and, accordingly, any responsibility to plaintiff. It further averred that, should the court find that it was at fault in any particular, recovery should nevertheless be barred because plaintiff was guilty of contributory negligence forasmuch as he was an experienced handler of freight and was fully apprised of the hazards attendant to the unloading of heavy objects and that, at all events, he assumed the risk of any danger incident to the work in which he was engaged.
After a trial in the lower court on the issues above set forth, there was judgment dismissing plaintiff's suit. He has appealed. *Page 388 
The facts of the cast are not seriously disputed and we find them to be as follows. Plaintiff is an experienced laborer, having been engaged for the past ten years in the handling of freight and other heavy materials. Approximately seven weeks prior to the accident in question, he was employed by the United States as a civilian worker at the intransit depot of the Army Air Forces in Shrewsbury, Louisiana.
The defendant is a transportation company engaged in the business of hauling freight by truck. On March 13th, 1943, its truck, with trailer attached, arrived at the intransit depot warehouse shortly after eleven a.m. for the purpose of delivering a shipment of freight, which had been sent from Memphis, Tennessee. The trailer was heavily loaded, containing material packed in large wooden boxes for delivery to the intransit depot warehouse and also a number of large crates of zinc plates (of varying weights between 300 and 1000 pounds), which were consigned for delivery at the Consolidated Aircraft Plant on the lakefront. These crates of zinc plates were of different widths, (three to five feet) seven feet long, and less than an inch in thickness. In loading the trailer at Memphis, the crates of zinc had been stored on their long dimensional edge, some to each side of the trailer and the rest crosswise, resting on the floor thereof; they were wedged in, or held in place, by the large boxes of freight which constituted part of the load to be delivered at the intransit depot. When the truck and trailer arrived at the warehouse, plaintiff was instructed by his superiors to assist defendant's employees, Batiste and Baker, in unloading the trailer. After removing several of the boxes (weighing between 200 and 300 lbs.) from the rear end of the trailer, the men undertook the removal of another box, which was located directly adjacent to several of the crates of zinc and acted as a brace to keep the zinc plates in position. While so engaged, the accident occurred. It appears that plaintiff was using a cotton hook to assist him in moving and lifting the boxes. After the large box had been moved some 21/2 or 3 feet from the zinc crates adjacent to it, plaintiff jumped over the box into the space separating it from the crates and, while in the act of applying the cotton hook to said box, the heavy crates of zinc plates fell upon his legs and caused the injuries for which he seeks recovery.
Counsel for plaintiff proclaims that, under the foregoing facts, defendant was guilty of negligence because (1) it packed the trailer in such a manner as to make it dangerous to unload it, and (2) because it owed the duty of warning him of the danger which was not obvious to an ordinarily prudent person.
[1] The contentions are not sustained by the record. The evidence produced by defendant discloses that the trailer was loaded in the ordinary and usual manner and in strict accordance with state regulations. It is shown by the testimony of defendant's expert witnesses, Duffel and Galliand, that the thin zinc sheeting was designed for use in the manufacture of airplanes; that it could be easily damaged and that, for this reason, it could not be laid on the floor of the trailer. They further asserted that the requirements of state regulations (that the load of a truck or tractor be equally distributed so as to avoid any unevenness in weight) made it necessary that the crated zinc plates be packed against each other on their dimensional sides and supported in a standing position by the large boxes of material and further that the crates of zinc and the boxes were packed securely in this fashion so as to avert breakage or damage resulting from shifting of the load during its transportation. In view of this evidence, which is not rebutted, we experience considerable difficulty in discerning that plaintiff's contention that the trailer was improperly loaded has any substance whatever.
[2] We likewise see little force in plaintiff's argument that, since the trailer was packed in such a manner that persons unloading it were exposed to the danger of being struck by the zinc plates, it became defendant's duty to notify and warn him of the hazard prior to the time he engaged in the unloading operation. It seems clear to us that plaintiff, had he exercised the slightest care, would have immediately observed that it would be dangerous for him *Page 389 
to attempt to move the large box which held the crates in place without having someone hold the crates while the box was being unloaded. There is no legal obligation on the part of one to warn another of the obvious. See Pittman v. Gulotta, La. App. 1946, 25 So.2d 343. Surely, plaintiff, as an experienced handler of freight, could and should have realized, when he undertook the unloading work, that the boxes and crates were wedged in closely; that the boxes acted as supports for the crates in their standing positions and that, in removing the boxes, the crates were likely to fall.
In support of his position that defendant was guilty of negligence, counsel has cited a number of cases which he maintains are authority for a holding in plaintiff's favor. We have examined each of the cited cases and fail to discern their applicability to the facts of the case at bar. Many of the authorities involve an application of the doctrine of res ipsa loquitur which, obviously, has no place in this case.
[3] Particular stress is laid by counsel on Gremillion v. American Creosote Works, 14 So.2d 72, decided by this court in 1943. But the facts and circumstances appearing in that matter are vastly different from those presented here. There, plaintiff, a government tie inspector, was permitted to recover damages for injuries sustained by him when a tie, coming off of a conveyor, struck the end of one of the top ties of a loaded stack and caused that top tie to fall from its position and injure him. We decided that it was negligent for the defendant to fail to have each completed stack of ties bound with wire as soon as all the ties in the stack had been loaded into the tram for the reason that a dangerous situation was created due to the operation of the conveyor within close proximity to the stack of ties and that plaintiff was not guilty of contributory negligence because he had placed himself in a position, in doing his inspection work, where a falling tie might do him injury. There, the danger was one which could have been readily foreseen by the defendant. But, here, it is difficult to believe that the defendant should have anticipated that, by loading the trailer in the fashion disclosed by the evidence, the plaintiff or any other freight handler would be subjected to danger or, rather, a greater hazard than would have been ordinarily encountered by those engaged in that trade. In fine, since the evidence discloses that the trailer was loaded in the usual manner, the danger of injury was not increased and we hold that plaintiff's injuries are due to his own inattention and lack of care and not from any fault on the part of defendant.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.