McBRIDE, Judge.
This is a suit filed by plaintiff against the operator of an amusement park (Pontchartrain Beach) and its liability insurance carrier on behalf of his 14-year-old daughter, Verna Simon, for her personal injuries and on his own behalf for his medical expenditures, etc., in connection therewith, said injuries haying been incurred early on the evening of Sunday, August 28, 1960, when the child, wearing- rubber beach sandals, stepped on a portion of a brolcen-glass olive jar or bottle which was lying on a well-lighted wide concrete walkway the child and her parents were using as an exit from the premises. The injuries were quite serious.
From a judgment in favor of plaintiff, both individually and on behalf of his daughter, defendants have perfected this appeal.
 We think the degree of care owed by the operator of an amusement park to the public insofar as a walkway such as the one on which the accident happened is concerned is no greater than that imposed by law upon a storekeeper as to his customers and invitees, which is to keep the aisles, floors and passageways of his premises in a reasonably safe condition. Like the storekeeper, the operator of the playground is not the insurer of persons using a passageway on his premises and can only be held liable when negligent. Provost v. The Great Atlantic & Pacific Tea Company, Inc., La.App., 154 So.2d 597; Levine v. Hartford Accident & Indemnity Company, La.App., 149 So.2d 433; Benton v. Connecticut Fire Insurance Company, La.App., 145 So.2d 89; Dyer v. Stephens Buick Co., La.App., 125 So.2d 185; Boucher v. Paramount-Richards Theatres, La.App., 30 So.2d 211.
It is a well-established rule in this state that a foreign substance upon which a patron or invitee might slip or fall, or which might otherwise cause him injury, must have been placed or left in the position in which it caused the accident by the owner or occupier of the premises, his agent or employee, or if placed there by someone else, then the owner, occupier, or his agent or employee must have had real knowledge of it or that it had remained in such position of danger for such length of time that they would have constructive knowledge of it and failed to remove it. The burden, though heavy, is upon the plaintiff to show either actual or constructive knowledge of the unsafe condition to constitute actionable negligence, Benton v. Connecticut Fire Insurance Co., supra; Lejeune v. Hartford Accident and Indemnity Company, La.App., 136 So.2d 157; Meyerer v. S. H. Kress and Co., La.App., 89 So.2d 475; Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562; Ellington v. Walgreen Louisiana Co., Inc., La.App., 38 So.2d 177; Boucher v. Paramount-Richards Theatres, supra.
The plaintiff has not shown that the offending object had been placed on the walkway by any of the agents or employees of the amusement park or, for that matter, there is no evidence whatever going to show just how the glass happened to be in its dangerous position. The evidence would negative any thought that the operator or its employees or agents had anything to do with the presence of the glass for it adequately appears that while refreshments are sold on the premises, no beverages or comestibles are served in glass containers. As olives are not sold, it is most reasonable to suppose, in the absence of evidence to the contrary, that some picnicker had brought olives for consumption on the nearby picnic grounds and had dropped or thrown the glass container onto the surface of the walkway.
There is no evidence that anyone connected with the operator of the amusement *836 park had any real or actual knowledge that the walkway was unsafe before the accident. Nor does it appear that the glass had remained in its dangerous position on the concrete for such length of time as would sufficiently have charged the operator of the playground with constructive knowledge of its presence.
More than three hundred twenty-five persons are employed in the amusement park and all are admonished by the management to pick up any debris or trash which they might encounter on the grounds and to deposit the same in trash or garbage cans situated on the premises at intervals of 50 feet. Seven men are employed to constantly patrol the area in order to see to it that rubbish or debris is promptly removed when discarded by patrons, and one man in particular, Michelle, the foreman, patrolled the vicinity about which the accident happened. The area which he patrolled measures about three blocks deep and half a block wide and Michelle’s uncontradicted testimony is that he makes a “round” of this territory each 25 or 30 minutes. He states he had passed the point at which the accident happened shortly before and that there was no glass on the concrete. He was in near proximity and was returning to the site of the accident when he received notice of the occurrence.
. Counsel for plaintiff seeks to impeach the testimony of Michelle by showing that the men so employed are “floaters” and that they come and go and usually do not stay for any substantial period of time, and, in addition thereto, that the management pays them substandard wages. Counsel also points out that Michelle is illiterate and wears glasses and that the management does not test the eyesight of the men before employing them. All of this may be true, but there is nothing in the record which could lead an unbiased mind to believe that Michelle’s sight was impaired, or that he did not testify to the truth. He had been an employee of the amusement park for some time, and there is no reason why we should disregard his uncontradicted sworn statements.
The operator of Pontchartrain Beach appears to have used such reasonable care as would be expected of a prudent person to keep its premises in safe condition, and the law required of it nothing more than that. The testimony regarding the complement of trash pickers demonstrates the disposition of the management with regard to keeping its premises clear and free of trash and debris and safe for use by the public.
The accident was indeed unfortunate, but as we have already said the operator of the amusement park is not an insurer of its patrons and in the absence of proof of negligence, there can be no liability on its part.
For the reasons assigned, the judgment appealed from is reversed and the demands of plaintiff-appellee are dismissed at his cost.
Reversed.