REGAN, Judge
The plaintiff, John Praetorius,[1] filed this suit against the defendants, Shell Oil Company and the Travelers Insurance Company; its liability insurer, endeavoring to recover the sum of $24,194.40, representing damages for bodily injury and medical expenses which he asserts he incurred as the result of the negligence of Shell Oil Company in failing to properly maintain a part of the infield of a baseball diamond upon *873 which he broke his leg during the course of a softball game.
The defendants answered and denied the foregoing accusation of negligence, and in the alternative, pleaded the negligence of the plaintiff in failing to maintain a proper lookout and his voluntary assumption of the risk.
From a judgment of the lower court in favor of the plaintiff in the amount of $8,751.00, the defendants have prosecuted this appeal.
The record discloses that the .plaintiff was a catcher on a softball team sponsored by the Quarterdeck Bar of Norco, Louisiana. The team was a member of the East-hank Softball League, which was permitted by the Shell Oil Company to use a baseball diamond which is located on the Shell refinery property in Norco, Louisiana. No charge was made by Shell for the use of these facilities. On the night of June 25, 1963, the plaintiff’s team played the second game scheduled for that evening. The plaintiff, who played the position of catcher, took his turn at bat, hit the ball, and began to run to first base. In the course thereof, he fell and fractured his right leg.
The plaintiff’s case was initially predicated on the existence of several holes around the batter’s box, which he said caused him to be thrown off balance as he ran from home plate to first base.
In any event, he was a right-handed batter, so that it was necessary for him to cross “home plate” and the left-handed batter’s box in order to traverse the distance from the plate to first base. The evidence adduced herein preponderates to the effect that the diamond was well kept, and that no holes existed in the area between home plate and first base with the exception of certain small holes or depressions around the batter’s boxes, which were dug by the players with their spiked shoes in order to obtain a better footing for the purpose of swinging at the ball.
In his deposition, the plaintiff, to reiterate, initially asserted that the hole which caused him to fall was one of those which existed around the batter’s box and which were dug by the cleats of the players. Moreover, he asserted therein that he knew of the existence of these depressions, and that he himself dug some of them in order to obtain more leverage when he was at bat.
In the course of the trial hereof, the plaintiff changed his version of the manner in which the accident occurred, and asserted that he stepped into a hole about ten to twenty feet from home plate, which caused him to fracture his right leg. The overwhelming weight of the evidence establishes as a fact that the only hole or depression which could have caused the plaintiff to loose his balance and fall was that located in the batter’s box.
In view of these facts, we are of the opinion that there was no fault on the part of Shell in the maintenance of the infield between home plate and first base. Shell maintained the baseball facilities in a reasonably safe condition for its intended use, and the only complaint which may be made about the condition thereof was the existence of the small holes or depressions in the batter’s box. These depressions occur to some extent around home plate in all baseball diamonds, and we are convinced that Shell was not at fault in permitting them to exist.[2]
For the foregoing reasons, the judgment of the lower court is reversed and judgment is now rendered in favor of the defendants, dismissing the plaintiff’s suit at his cost.
Reversed and rendered.

. Both counsel expressed the opinion that the plaintiff was between 35 and 40 years of age.

. See Coquille v. Expressway Bowling, Inc., La.App., 183 So.2d 347 (1966); Simon v. Playland Amusements, Inc., La.App., 160 So.2d 834 (1964).