136 So.2d 157 (1961)
Gllton LEJEUNE et al., (Plaintiffs and Appellees),
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, (Defendant and Appellant).
No. 424.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Rehearing Denied January 15, 1962.
Certiorari Denied March 16, 1962.
*158 Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellant.
Tate & Tate, by Paul C. Tate, Mamou, Fusilier, Pucheu & Soileau, by L. O. Fusilier, Ville Platte, for plaintiffs-appellees.
Before SAVOY, CULPEPPER and PONDER, JJ.
PONDER, Judge ad hoc.
This is an action in tort instituted by Gilton Lejeune and his wife, Evangeline M. Lejeune, against Hartford Accident and Indemnity Company, which was the insurer of the owners of G. Ardoin & Company, a mercantile establishment in Ville Platte, Louisiana.
The suit grows out of an accident which it is claimed occurred on or about December 30, 1957 in the store of the assured, G. Ardoin & Company, in which Evangeline M. Lejeune claims to have suffered certain personal injuries when she tripped over a chair that was in the aisle or open space by a jewelry counter. Her husband, Gilton Lejeune, joins her in seeking to recover for medical and other expenses, past and future, in connection with the injuries claimed. The assured were not made parties to the suit, but this is a direct action against the insurer.
The claim of Evangeline M. Lejeune is for the sum of $30,000.00 for past and future pain, suffering, anguish, shock and anxiety, and present and future disability. The amount claimed for medical and other expenses, past and future, as a result of said accident is the sum of $4,156.40. Plaintiffs further claim that the trauma and resulting injuries were caused by the negligence of the assured, their employees and agents in a failure to keep their premises in a safe condition; failure to correct the dangerous nature of their premises; but maintaining dangerous conditions on their premises, namely, leaving dangerous objects and obstructions in aisles along which customers like plaintiff are invited, expected, and urged to walk.
Defendant admits that it was the insurer of G. Ardoin & Company and has filed herein a copy of the insurance policy limiting liability to Ten Thousand Dollars for each person for bodily injury liability. Defendant generally denies all other essential allegations of plaintiffs' petition, or that there was any actionable negligence on the part of the assured. Alternatively, defendant pleads that if there was any negligence attributable to the assured, then that the plaintiff, Evangeline M. Lejeune, was contributorily negligent.
*159 The trial had in District Court resulted in a judgment in favor of the plaintiff, Evangeline M. Lejeune, in the sum of $5,000.00 for the personal injuries, and in favor of the plaintiff, Gilton Lejeune, for $1,695.40 for hospital and medical bills. From this judgment the defendant insurance company has prosecuted this appeal.
It appears from the evidence that G. Ardoin & Company operated one of the largest stores in Ville Platte, Louisiana. On the date that it was claimed the accident happened, plaintiff Evangeline M. Lejeune entered the store at the front and proceeded through the grocery department, then through the men's department and on into the ladies' department. In the ladies' department, there was a jewelry counter displaying costume jewelry, which was lighted by fluorescent lighting and was of plate glass construction on the top and sides and being approximately eight to ten feet long. There was an open space or wide aisle in front of the jewelry counter in which there was a small white chair, approximately three feet in height, which was standing on the floor of tan color. The counter was approximately three and one-half feet in height and slightly higher than the chair. At the time of the claimed accident there were approximately twelve employees in the store and three or four customers. The record does not reveal that any of them witnessed the claimed accident.
Mrs. Lejeune testified that in inspecting the costume jewelry she was moving sideways along the counter, and as she started to leave, she took one step forward and tripped or fell over the chair which was standing in the aisle or open space about two or three feet from the counter, near the end. She testified that if her attention had not been diverted in looking at the costume jewelry, she could have seen the chair, or that she could have seen it had she been looking where she was going.
The evidence in this case is conclusive that in approaching the display counter, the counter and the open space or aisle in which the chair stood would be clearly visible to anyone approaching from the direction in which the plaintiff testified that she traveled. While the evidence is rather confusing as to the exact distances, counsel for plaintiffs seriously contend that one of the employees of the assured must have noticed the chair in the position in which it was, because it was clearly visible to the employees in the ladies' department and the men's department. It should have been more clearly visible to the plaintiff in proceeding through the two departments in approaching the counter with intent to examine the display. The evidence is clear that the store was well lighted at the time and that the plaintiff was possessed of normal vision.
It is fundamental in our law that the extraneous instrumentality or other object causing the accident must be inherently or potentially dangerous. It must have been placed or left in the position in which it caused the accident by the storekeeper, his agents or employees; or, if placed by someone else, the storekeeper, his agents or employees must have had real knowledge of this, or that it had remained in such position of danger for such a length of time that they would have constructive knowledge of it and failed to remove it. Plaintiff bears the burden of proving these facts before there can be a finding of actionable negligence on the part of the owner or storekeeper. Powell v. L. Feibleman & Co., La.App., 187 So. 130; Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So. 2d 562. However, there is no fixed rule on facts, and the facts of each case must be treated independently in conformity with the true civil law concept.
Counsel for plaintiffs cite several cases in support of their position herein, being Williams v. Liberty Stores, 148 La. 450, 87 So. 233; Vogts v. Schwegmann, La.App., 56 So.2d 177; Reid v. Monticello, La.App., 33 So.2d 760; Bowers v. Lumberman's Mutual, La.App., 131 So.2d 70. These cases may be easily differentiated and distinguished from this case.
*160 In Williams v. Liberty Stores case, the customer stumbled over a box which defendant admits was left in the aisle, which was clearly visible to her for a distance of 27 feet. Recovery was denied on contributory negligence, although it was held that it was negligence for the storekeeper to leave the box in the aisle.
In the Vogts v. Schwegmann case, there was a beer case left at the end of the cashier's counter over which the plaintiff stumbled; her vision being obstructed by the counter. This condition was shown to have existed for some thirty or forty minutes prior to the accident and gave the storekeeper constructive notice of a dangerous condition.
In the Reid v. Monticello case, the store customer had gone to use the telephone and in so doing had used an aisle which was clear and with which she was familiar. With her back to the aisle she talked over the telephone for four or five minutes, but in the meantime one of the employees of the defendant had placed a wire magazine rack in the aisle. In retracing her steps through the aisle which was previously clear, she stumbled over the rack, causing the injury.
In the Bowers v. Lumberman's Mutual case, the store patron fell on a damp spot on the floor where milk had been spilled and had been mopped by an employee of the store.
In all of those cases the storekeeper or his agents or employees were shown to have created the dangerous situation or condition and allowed it to exist, or they were shown to have had real or constructive knowledge of the extraneous or potentially dangerous object, instrumentality or unsafe condition existing; failing in the legal duty to correct it, which constituted negligence.
The jurisprudence of this state with reference to cases in the "slip-fall" category is very succinctly set forth and enunciated in the case of Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So. 2d 562, 564, as follows:
"(1) Plaintiff's cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. * * * [Several supporting cases are here cited.]
"(2) He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
"(3) His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La. App.1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
"(4) It is the settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keeper whose obligation toward his customer is the use of ordinary care to keep aisles, passage ways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer. * * *" (Several supporting cases are here cited.) *161 The above was quoted with approval in the case of Meyerer v. S. H. Kress & Co., La.App., 89 So.2d 475.
A chair is an article of furniture, and we do not feel called upon to hold here that it is a dangerous object. It is true that the chair was not normally in this position in this particular store; however chairs are sometimes used in front of counters for the convenience of patrons in some stores. No case has been cited to us and we have found none in our jurisprudence in which a chair so used has been found to be inherently or potentially dangerous. However, were it conceded that this were so, there is no proof before us in the record that the assured, their agents or employees placed the chair in its position, or that they had any real notice of it being in that position prior to the claimed accident. Neither is there any proof in the record that it had remained as a source of danger for such a length of time that it would have constituted constructive notice. The proprietor of the store in this case testified that had there been such notice, he would have corrected the condition.
The record is devoid of any evidence to show that any prior accident of this nature had occurred in this store. Plaintiff testified that she had been there on many occasions and that the aisles and passageways were usually maintained clear of boxes, chairs "and so forth".
In the case of Lawson v. D. H. Holmes, La.App., 200 So. 163, quoting from the views expressed by the Supreme Court of Ohio in S.S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 175, 58 A.L.R. 132, it was held:
"Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from some one. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured. * * *"
The above was quoted with approval in the cases of Denneker v. Pecoraro, La.App., 64 So.2d 510, 515 and Curet v. Hiern, La. App., 95 So.2d 699, 705.
Therefore, according to the facts as found in this record and the jurisprudence referred to herein, we are of the opinion that the plaintiffs have failed to prove actionable negligence on the part of the assured, G. Ardoin & Company, their agents or employees.
For the reasons hereinabove set forth, the judgment of the lower court appealed from is annulled, set aside and reversed, and there is now judgment herein rejecting the demands of the plaintiffs. All costs of the lower court and of this appeal are assessed against the plaintiffs.

On Application for Rehearing.
En Banc. Rehearing denied.
FRUGE, J., recused.