PONDER, Judge ad hoc.
This is an action in tort instituted by Thomas H. Benton and his wife, Lorraine *90 Wisckol Benton, against Peter J. Licale, a resident of the Parish of Orleans, and his insurer, Connecticut Fire Insurance Company, in which judgment is sought in solido against them for personal injuries, medical expenses and other damages.
This suit grows out of an accident which is alleged to have occurred on or about February 10, 1959, which was Mardi Gras Day of that year, in an establishment known as Peter J’s Cocktail Lounge, situated in the City of New Orleans. The claim of Mrs. Lorraine Wisckol Benton is for the sum of $90,000.00 for personal injuries suffered in a fall while a patron or invitee of the cocktail lounge belonging to the defendant, Peter J. Licale. The.amounts are for fractured left patella; loss of kneecap; pain and suffering; humiliation; worry and physical impairment of the function. She is joined in this action by her husband who is seeking to recover- damages in the sum of $2,628.60 for medical expenses, transportation in connection therewith and loss of companionship of his wife for one month.
The respective claims áre predicated on an allegation of- negligence on the'part of the assured, Peter J. Licale, in not maintain^-ing a dry, clean, safe and well-lighted passageway for guests in his establishment.
The defendants in answer generally deny the allegations of plaintiffs’ petition, except that it is -admitted that the Connecticut Fire Insurance Company was the public liability insurer of Peter J. Licale. In the alternative, there is a plea of contributory negligence in that if the assured was guilty of any negligence proximately causing the injury complained of, that the plaintiff, Mrs. Benton, was guilty of contributory negligence in failure to keep a proper lookout; to see what she should have seen; and drinking intoxicating liquor to such an extent that she lost her balance.
The trial had in district court resulted in a judgment adverse to the plaintiffs, dismissing the suit at their cost. From this judgment plaintiffs have perfected this appeal.
■There can be no question that the plaintiff, Mrs. Benton, has suffered a severe injury in the fracture • of the left patella, which resulted in having her knee placed in a cast for more than one month and being subsequently operated on for the removal of the kneecap. It is questioned by the defendants as to whether or not Mrs, Benton fell, or if she did fall, whether it was a result of any defect in the premises of the defendant, or whether it was a result of her own negligence or intoxication. It will be noted that although the bar and dance floor were crowded at the time, no one saw her fall and she made no report at that time to the defendant owner, but several days later called him to ask if he had liability insurance, and reported the alleged accident to him at that time;
It appears from the evidence that on the date on which the accident is alleged to have occurred that-'Mrs. Benton had attended some of the Mardi Gras festivities in the morning and returned tó hér home. The assured defendant testified that she came to the cocktail lounge early in the afternoon and stayed there all afternoon, but this is denied by her.- She states that she went to the cocktail lounge at about eight o’clock, P.M. However, it is immaterial for a correct decision in this case as to which might be the proper version. ' Theré can be no •question that she was present iri the cocktail loungé in the early evening of that date and participating in the singing, drinking, dancing and other carnival gaieties of the evening. Almost all of the witnesses who testified on her behalf as to the accident state that when they arrived, she was dancing on top of the grand piano with the proprietor of the establishment. She admits to having two full beers to'that time and after they finished dancing. '
After dancing at some length on top of the piano, she joined some friends at a table and more drinks were ordered. One of the ladies at the table apparently had imbibed a little too freely and had repaired to the powder room to regain her composure. Mrs. Benton, with others went to the pow- *91 Rer room to ascertain her condition and finding her in a reasonably good condition, sought to return to the table.' In so doing, she traversed a path between the bar and the dance floor and testified that she slipped ■on some liquid on the floor and fell, sustaining the injuries complained of. It will be noted here that she did not know what the substance was on the floor, which was in a puddle, nor did she know the size thereof. This would seem rather strange in view of the fact that no one else saw the spot on the floor, and although she reported the accident to her friends when she returned to the table, none of the other witnesses went to look at the place where she said she had fallen, nor was anything said to the owner of the premises.
Plaintiffs cause of action arises from LSA-C.C. Article 2316, which provides that every person is responsible for the damages he occasions not merely by his act, but by his negligence, his imprudence or his want of skill.
This presents for consideration by the court the question of whether or' not there was actionable negligence on the part of the assured defendant in not maintaining a safe place for his' customers- and keeping the floors and passageways irl' a reasonably safe condition for use of customers and in•vitees. In the case of Boucher v. Paramount-Richards Theatres, 30 So.2d 211, decided by this court, it was held that the degree of care owed by the owner of a theatre or place' of amusement is similar to that imposed upon a storekeeper as to his customers and invitees.
The cases are legion in our jurisprudence that a storekeeper is not the insurer of the safety of his customers and he ■need only keep the floors and passageways of his premises in a reasonably safe condition and must exercise the degree of care which would be exercised by an ordinarily oareful and prudent man under the same or similar circumstances.
‘It is. also well established in-our law:'that a foreign substance Upon which a patron or invitee might slip or fall must ■ have been placed or left in the position in which it caused the accident by the owner or occupier of the premises, his agent or employee; or if placed there by someone else, then the owner, occupier or his agent or employee must have had real knowledge of it, or that it had remained in such position of danger for such a length of time that they would have constructive knowledge of it .and failed to remove it. The burden of proof is upon the plaintiff to show either actual or constructive knowledge of the unsafe condition ■ to constitute actionable negligence. Some of the - leading and more pertinent cases oji this .prin- • ciple of law in the so-called “slip-fall” category are: Powell v. L. Feibleman Co. (1939), La.App., 187 So. 130; Lawson v. D. H. Holmes Co. (1941), La.App., 200 So. 163; Boucher v. Paramount-Richards Theatres (1947), La.App., 30 So.2d 211; Ellington v. Walgreen Louisiana Co., Inc. (1949), La.App., 38 So.2d 177; Peters v. Great Atlantic & Pacific Tea Co. (1954), La.App., 72 So.2d 562; Meyerer v. S. H. Kress & Co. (1956), La.App., 89 So.2d 475; Lejeune v. Hartford Accident and 1 Indemnity Co. (1961), La.App., 136 So.2d 157.
In the case of Peters v. Great Atlantic & Pacific Tea Co., supra, there was rendered a very clear and concise,review and summation of the jurisprudence existing at that time of cases in this category.. A review of the cases since that decision reveals that the principles of law enunciated therein have been consistently upheld where the factual situation justified the application. It was held in that case, and consistently held prior and subsequent thereto, that the doctrine of res ipsa loquitur does not apply.
We know of no case in which the proprietor of a store or an owner or occupier of a premises has been héld responsible to a customer or invitee in the absence of proof of some negligence.
There is no fixed rule on facts, -and the facts.-of each case must be treated independently and the principles of law. enun *92 ciated in a long number óf cases on this question properly applied to them. There are myriads of factual situations involved in cases of this kind and the application of the principles of law to each case must be applied by the court in conformity with the true civil law concept.
The evidence in this case preponderates that on the date of the alleged accident the porter and maid had cleaned the premises prior to the noon hour. Being Mardi Gras Day, the porter was excused at approximately two o’clock, P.M. and plaintiff relies upon this as negligence in failing to keep the premises in a clean condition. However, the proprietor called in his divorced wife to assist him in serving drinks and in keeping the premises clean, and we do not think that this is evidence of negligence. Later in the afternoon the assured defendant opened the establishment for business purposes, and there does not seem to have been any appreciable amount of business in the afternoon. Later in the evening there was a substantial gathering of patrons and invitees. Both the assured defendant and his divorced wife, who was serving drinks and traversed the same pathway used by the plaintiff, testified that they had no knowledge of, and saw no foreign substance on the floor and that if anyone had noticed it at any time, that it would have been immediately removed; that if it were a liquid or a wet spot, it would have been immediately mopped dry not only for the safety of the guests and invitees, but also for the safety of those employees who were using this same passageway.
We do not think that the allegation of negligence with reference to unsafe lighting facilities is borne out by the evidence or substantiated as a principle of law under the facts in this case. The evidence convinces us that the establishment was well lighted for the purpose of a cocktail lounge. It is well known that a cocktail lounge usually has subdued lighting, as it is a place of relaxation and repose and is usually sought out by those who seek to lose themselves from the tensions, worries and “cares that infest the day.” It is aptly stated in the case of Daniels v. United States Casualty Co., D.C., 103 F.Supp., 742:
“The extent of the lighting ordinarily used depends upon the nature of the business and is generally known to those who patronize it, such as theatres or picture shows, where a degree of darkness is necessary to their operation, and in other instances where the customers for one reason or another prefer and accept, as an inducement,, less than cathedral-lighting conditions. In the latter cases, the guest accepts a situation which is well known to him,, and it would seem to require something more than mere inadequacy of lights to-constitute negligence.”
To the same effect is the holding of this; court in the cases of Pittman v. Gulotta, La.App., 25 So.2d 343 and Simmons v. Chuck’s, Inc., La.App., 113 So.2d 309.
Mrs. Benton had visited this cocktail lounge often for some time previously and was familiar with the lighting. There is no evidence by the plaintiffs or any witnesses that the premises had ever been in an unsafe condition or not properly kept at all times in a reasonably safe condition for use in a manner consistent with its purposes. Even if it were conceded that the plaintiff herein suffered the fall that she alleges, the record is devoid of any evidence to-prove that the substance on the floor, if any,, whatever it might have been, had been spilled on the floor by the owner or occupier of the premises, his agent or employees, or that it had remained on the floor for such length of time as they would have had real’ or constructive knowledge thereof; causing it to become their duty to notice and remove-it.
We have not been favored with a written opinion by the district judge in this case, but in the judgment he finds as a question of fact that it had not been proved that the injury sustained by the plaintiff, Mrs. Ben *93 ton, was cauaed through any negligence of the defendant, Licale, and his insurance carrier. With this finding we are in agreement.
Therefore, according to the facts as found in the record and the jurisprudence referred to hereinabove, and for the reasons herein assigned, we are of the opinion that the judgment appealed from should he affirmed. All costs are assessed against the plaintiffs and appellants.
Affirmed.