162 So.2d 750 (1964)
Garland F. ROBERTS and Mrs. Garland F. Roberts
v.
Aswell COURVILLE d/b/a Courville's Lounge and Houston Fire and Casualty Insurance Company.
No. 6041.
Court of Appeal of Louisiana, First Circuit.
April 6, 1964.
*751 Franklin & Keogh, by Chas. W. Franklin, Baton Rouge, for appellant.
White & May, by Gordon M. White, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
Plaintiffs, Garland F. Roberts and Mrs. Garland F. Roberts, instituted this action seeking recovery of damages for personal injuries sustained by Mrs. Garland F. Roberts and for medical expenses paid by her husband, Garland F. Roberts, in consequence of such injuries. Plaintiffs allege on Christmas Eve night, December 24, 1961, they, accompanied by others, entered the premises of defendant, Aswell Courville, d/b/a Courville's Lounge, an establishment wherein food and drink are served and facilities are provided for dancing; that while Mrs. Roberts was engaged in dancing she slipped and fell on the dance floor because of the presence of a liquid which made the footing thereon hazardous, the presence of such liquid being known or constructively known to defendant Courville. Houston Fire and Casualty Insurance Company was made Defendant on the allegation that it had issued to Defendant an "Owners, Landlord and Tenant Liability Policy".
Defendants answered, alleging the sole cause of the alleged injuries for which Plaintiffs seek redress resulted because of (1) Mrs. Roberts wearing shoes which were unsafe in that they had extremely high heels thereon; (2) that Mrs. Roberts was under the influence of alcohol; (3) that she assumed the risk of dancing on a crowded floor and in dancing with a partner she was not accustomed to dancing with and in performing a maneuver in her dancing in disregard of her own safety by "swinging out" on the floor; and, alternatively, (4) Mrs. Roberts was tripped either by her partner or some other person on the dance floor; and, further in the alternative, Defendants plead the contributory negligence of Mrs. Roberts in all of the enumerated respects.
Following a trial, for oral reasons assigned but dictated into the record, judgment was awarded in favor of Garland F. Roberts against defendants, Aswell Courville and Houston Fire and Casualty Insurance Company, jointly and in solido, in the sum of $220.35 together with interest thereon from date of judicial demand until paid; and in favor of Mrs. Garland F. Roberts against the same Defendants, jointly *752 and in solido, in the sum of $4,000, with interest from date of judicial demand until paid and all costs, and fixing the fee of the expert, a doctor who testified, at the sum of $50 and taxing same as costs. From this judgment Defendants appealed suspensively.
The legal issues presented for our resolution are succinctly and clearly stated in Levine v. Hartford Accident & Indemnity Company, La.App., 149 So.2d 433, from which we quote with approval the following:
"The general principles of law applicable in these slip and fall cases are well established in our jurisprudence. It is fundamental that the owner of a business establishment is not the insurer of the safety of visitors. He need only keep the floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. See Meyerer v. S. H. Kress & Co., La. App., 89 So.2d 475 and Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562 and the cases cited therein. The mere fact that a visitor is injured on the premises does not create a presumption of negligence. In order to recover, a visitor must prove a breach of the duty of the owner to use reasonable care. See again the Meyerer case and the Peters case, supra, and the authorities cited therein. The doctrine of res ipsa loquitur is inapplicable in these cases. Peters v. Great Atlantic & Pacific Tea Co., supra, and the authorities cited therein. Finally, if the alleged slip and fall is alleged to have been caused by an extraneous object or substance on the floor, it must be shown that the owner had either actual or implied knowledge of the extraneous substance for such a time that the owner had an opportunity to remove, it. In other words, it must be shown that the owner of his employees placed the extraneous substance there or, if placed by someone else, that the owner or his employees had actual knowledge of the presence of the substance or that it had remained in such a position of danger for such a length of time that the owner or his employees should have had knowledge of the substance and removed it. The claimant bears the burden of proving these facts. Peters v. Great Atlantic & Pacific Tea Co., supra, and the authorities cited therein; LeJeune v. Hartford Accident & Indemnity Co., La.App., 136 So.2d 157 (3rd Cir.App.1962, writ of certiorari denied); Wisckol v. Connecticut Fire Ins. Co., 145 So.2d 89 (4th Cir.App.1962)"
The evidence reflects that upon entering the premises on the night in question Mr. Roberts slipped at the same spot where plaintiff, Mrs. Roberts, subsequently fell and injured herself; that Mr. Roberts notified an employee of Defendant of the presence of a liquid on the floor at the spot; that another witness had observed a waitress employed by Defendant negligently spill two cans of beer at the spot and saw no one mop the floor; that following her fall the back of Mrs. Roberts' dress was wet. Mrs. Roberts testified though she was wearing high heels on the night the accident happened they were what she described as low spike heels, approximately 3 inches high. That as a result of the fall Mrs. Roberts sustained a comminuted fracture of the right wrist resulting in a limitation of the flexion of the wrist, a diminution in the strength of the hand and a ten per cent loss in the extension thereof with some deformity of the medical aspect of the wrist, which, though not a functional disability, resulted in a disfigurement. Medical bills for the treatment amounted to the sum of $107; Our Lady of the Lake Hospital, $93.35 and the fee of the anesthetist of $20, making a total of $220.35.
*753 Defendants did not deny the gaiety of this Christmas Eve celebration was dampen because of the fall of Mrs. Roberts, but strenuously contended such fall was not caused by the presence of a liquid on the floor, and, further, if in fact such liquid were present, Defendants had no notice thereof, constructive or otherwise. Their evidence consisted of testimony to the effect that on the night in question Defendants had no waitresses, other than Mrs. Courville the wife of the owner; that there was present a bartender, a young lady assisting him behind the bar, but her duties required her presence behind the bar and she was not required to wait on the tables. The duties in respect to this waitress were delineated by Mr. and Mrs. Courville and the bartenderDefendants explaining the absence of the waitress as a witness was because of their inability to locate her. Defendants likewise introduced evidence to the effect Mrs. Roberts was under the influence of alcohol upon her entrance on the premises, which evidence was denied by Mrs. Roberts who testified she had had no drinks previous to her arrival on Mr. Courville's premises and had only ordered a beer prior to the accident and had partaken of only a portion thereof. The testimony of Defendants was negative in character. Counsel for Defendants questioned the credibility of Plaintiffs' witnesses because of their inability to identify the particular waitress who, according to the testimony of the witnesses, spilled the contents of two cans of beer on the floor where Mrs. Roberts fell. Further, counsel for Defendants questioned the probability of the fall taking place at the same spot where Mr. Roberts allegedly slipped upon his entering the premises.
As counsel for Defendants in their excellent brief point out, the resolution of the issues raised depends on the credibility of the witnesses. From our review of the testimony, we are in accord with the view Plaintiffs have sustained the burden of proof warranting judgment in their favor.
Defendants make no complaint as to the quantum awarded, and Plaintiffs did not seek an increase thereof.
For these reasons, the judgment is affirmed.