CULPEPPER, Judge.
This is a tort action. Plaintiff alleges she injured her back when she slipped and fell on a wet floor in defendant’s store. A jury awarded $5,400. Defendant appealed. Plaintiff answered the appeal seeking an increase in the award,
The issues are: (1) Did the accident actually occur; (2) Was the defendant negligent; (3) Was plaintiff guilty of contributory negligence barring her recovery; (4) Was the jury’s award excessive or inadequate.
The facts show that plaintiff, Mrs. Fowler, worked as a waitress at the lunch counter and soda fountain in Woolworth’s Store. At 5 :30 p. m. when the lunch counter closed, she went off duty and left the store to purchase a few items at another establishment in the same shopping center. She returned to defendant’s store at about 5:45 p. m. to pick up some candy and to meet her daughter, Mrs. Miguez, who also worked there and did not go off duty until the entire store closed at 6:00 p. m.
When plaintiff entered the front of the store, she turned to the left and walked to the aisle which passed in front of the lunch counter. As she turned to the right into this aisle, her feet slipped from under her and she fell flat on the floor. Plaintiff’s daughter, Mrs. Miguez, testified she was working at another counter a short distance away and actually saw her mother fall and heard her scream as she hit the floor. The manager of the store, Mr. Trussell, testified he also heard plaintiff “holler” and ran' over and found her laying on the floor. Mr. Trussell picked plaintiff up and took her into the ladies lounge.
We think the evidence shows clearly that the accident actually occurred. The testimony of plaintiff and her daughter, as well as that of defendant’s employees, Mr. Trussell and the cleaning boy, Sensat, shows beyond question that Mrs. Fowler slipped and fell and injured herself in defendant’s store.
The next issue is whether defendant was guilty of negligence. The facts show that the cleaning boy, Sensat, had mopped the floor shortly after the lights over the soda fountain were turned off at 5 :30 p. m. He used a bucket of water into which he had poured “2 caps” of liquid soap. He dipped a mop in the water, wrong it out, and then mopped the five foot wide aisle in front of the lunch counter. He said he did not think there were any puddles of water on the floor but that it was damp, and there may have been a few “sprinkles.” The floor was of asphalt tile construction. After applying the wet mop, Sensat went to the stock room to get a machine with which to buff the floor. While in the stock room he heard plaintiff scream as she fell.
Although Mr. Trussell testified that Sen-sat had been instructed to rope off each aisle as he mopped it, he and Sensat both admitted that no barricade or warning signs of any kind had been placed at the entrance to the aisle where Sensat was mopping. Sensat testified he did put ropes *756 .across the other aisles hut had not done ■so at this one.
Plaintiff’s daughter, Mrs. Miguez, testified she noticed the floor was wet right after her mother fell. Mrs. Fowler testified she was dazed when she fell and did not know the condition of the floor, except .that something caused her feet to slip out from under her.
Our jurisprudence is well established that the proprietor of a store is not .under an insurer’s liability for the safety ■of customers and other invitees, but he does ■owe such persons the duty of exercising reasonable care to keep the aisles, passageways, and other parts of the premises ordinarily used by customers, in a reasonably ■safe condition, and to warn them of dangerous conditions upon the premises which .are known, or which reasonably should be known, to him but not to them. Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562; Meyerer v. S. H. Kress & Co., La.App., 89 So.2d 475; Lejeune v. Hartford Accident & Indemnity Co., La.App., 136 So.2d 157; Levine v. Hartford Accident & Indemnity Co., La.App., 149 So. 2d 433.
Applying these principles of law to the present case, there was ample evidence for the jury to conclude that the floor was wet with soapy water; that it was dangerously slippery; that this condition was known at least to defendant’s employee, Sensat; that it was not such an obvious hazard that defendant could reasonably expect an invitee to notice it without a warning; that no warning was given. Under such facts the defendant was negligent.
The next issue is whether Mrs. Fowler was guihy of any contributory negligence barring her recovery. The applicable law is set forth in the recent slip-fall case of Richard v. General Fire and Casualty Company, La.App., 155 So.2d 676 (3rd Cir. 1963), as follows:
“As stated in the Levert case, [Levert v. Travelers Indemnity Co., La.App.], cited above, at 140 So.2d [811] 813, ‘ * * * the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises.’ The invitee’s failure to observe or to use due care in avoiding an obvious hazard may constitute contributory negligence barring recovery, Sherrill v. United States “Fidelity & Guaranty Co., La.App. 3 Cir., 132 So.2d 72, which decision also quoted the principle set forth at 65 C.J.S. Negligence § 50, p. 545: ‘However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury.’ ”
Defendant contends Mrs. Fowler knew the aisle in front of the lunch counter was mopped every day immediately after the soda fountain closed; that, therefore, she either knew or should have known that the floor was wet and slippery and should have used due care under the circumstances.
The first answer to this argument is that there is a serious conflict in the evidence as to whether the floor in front of the fountain was mopped at the same time every day. The manager, Mr. Trussell, and two of his employees, Mrs. Gonzales and Mrs. Eaves, testified that as a general rule Sensat started mopping around the lunch counter when the soda fountain closed and the lights over it were turned off. However, it is apparent, even from the testimony of Mr. Trussell, that this was not a hard and fast rule. Mr. Trussell testified that if customers were still present at the lunch counter Sensat did not start mopping *757 until they left. Mrs. Fowler and her ■daughter testified that Sensat had no set time to mop the floors. Sensat himself testified that he had to clean the entire store and he usually started about 3:30 in the afternoon, talcing out trash cans, garbage cans, etc. and that he began to sweep around the lunch counter about 4:30 p. m. and generally mopped the floor some time after the fountain lights were turned out ■or after all of the customers had left the lunch counter.
Under this testimony, it is our conclusion the floor was not mopped at exactly the ■same time each day and hence that Mrs. Fowler did not know, nor should she have known, it was wet and slippery at S :45 p. m. when she re-entered the store.
It is our understanding that counsel for ■defendant does not seriously contend the floor was so obviously wet and slippery that the danger was reasonably apparent As noted above, the soapy water had not been splashed all over the floor so that it stood in large puddles, but, instead, the floor had been gone over with a wet mop preparatory to being buffed. Also, the facts also show Mrs. Fowler slipped just as she turned the corner and entered the freshly mopped aisle in front of the lunch counter. She was not negligent in failing to see the hazard.
The final issue is whether the award of $5,400 was excessive or inadequate. There is no question but that Mrs. Fowler sustained a lumbosacral sprain. The doctors who examined and treated her immediately after the accident thought she would recover in two or three months, but ■she continued to complain of back pain after that time. Approximately 6 months after the accident she went to see Dr. C. V. Hatchette, an orthopedic surgeon, who put her in the hospital in traction for 6 •days and then prescribed a back brace. Dr. Hatchette’s final diagnosis was that she was suffering from rheumatoid arthritis which did cause pain and partially disabled her. But Dr. Hatchette was unable to say ■•whether her arthritis had been aggravated by the trauma. He simply could not express an opinion as to aggravation one way or the other.
The evidence does show that Mrs. Fowler had been free of any back difficulty before the accident but that since the time of the accident and up to the date of trial she continued to complain of pain and intermittently wore her back brace.
Under all of the circumstances we are unable to say that the jury has abused its great discretion as to quantum. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against defendant appellant.
Affirmed.