LEAR, Judge.
John DeMarco and his wife, Catherine DeMarco, sue the Great Atlantic & Pacific Tea Company, Inc. and its liability insurer, Aetna Casualty and Surety Company, Inc., in solido, for the full sum of Twenty-one Thousand Four Hundred Thirty-five and 92/ioo ($21,435.92) Dollars.
It is alleged that on or about July 8, 1961, Mrs. DeMarco was pushing a grocery cart through the produce section of the A & P store in Hammond, Louisiana when she slipped on some type of vegetable, believed to be a pea hull, and managed to save herself a fall by “grabbing herself onto the produce box.”
*492 The negligence alleged, in sum, is the failure of defendant store to maintain a safe, clean floor.
Mrs. DeMarco alleges injuries to her left side, left hip, shoulders, back and neck. She alleges hospitalization from July 16, to July 24, 1961, with continuing suffering. For this, she asks Twenty Thousand Seven Hundred Fifty and No/100 ($20,750.00) Dollars.
Mr. DeMarco alleges the community damages at Six Hundred Eighty-five and ®3ioo ($685.92) Dollars, representing hospital and medical expenses.
■ Defendant filed a joint answer denying the negligence of any agent or employee of the store and, in the alternative, setting forth certain matters which they claim constitute contributory negligence on the part of Mrs. DeMarco.
There are few principles of the law of negligence as well defined and as simple of application as that dealing with the duty of the operator of a business establishment to invitees upon his premises as respects extraneous matter upon the floors thereof.
It is clearly settled that in order to recover, a claimant must show by a preponderance of the evidence that an employee of the establishment placed the substance upon the floor or, if placed by someone else, that the owner or employee had actual knowledge of its presence or that it remained on the floor in a position of danger for such a period of time that the owner or his employees should have had knowledge of the substance and removed it. See Roberts v. Courville, La.App., 162 So.2d 750 (First Circuit, 1964) and cases cited therein.
In the instant case, the Lower Court gave judgment in favor of Mrs. DeMarco in the sum of Two Thousand ($2,000.00) Dollars and in favor of Mr. DeMarco in the amount prayed for. The Trial Judge did not, however, favor us with reasons, written or oral, in support of his findings. Defendants appealed.
Mrs. DeMarco testified that she was shopping in this large, modern, well-lighted store when her left heel slipped upon some empty pea hulls lying on the floor in front of the produce case, which was to her right. She doesn’t recall whether she was pushing a shopping cart but was positive that the slipping left heel catapulted her down and backwards to her left. She saved herself from falling by catching onto the frozen food box positioned to her left. She didn’t. see these fresh, green shells because “I just — I guess wasn’t looking down.”
She reported the incident to the manager and immediately thereafter an employee came and picked up the pea shells.
Mrs. DeMarco had been in the store just a very short while and, of course, could not testify who was responsible for the hulls being -on the floor or how long they had been there.
Other than medical witnesses, plaintiffs produced no other to substantiate the occurrence or the manner of its happening.
Defendant called as their witness a part-time employee who was told by Mrs. De-Marco that she had fallen. He testified that he had picked two mashed peas up from the floor by hand. The Produce Manager was called and testified that he inspects that particular aisle every ten or fifteen minutes and sweeps the aisle when needed. The Assistant Manager was placed on the stand and testified that it was the responsibility of the Department Manager to see to the cleanliness of the floor.
In view of the fact that this was the sum and substance of the testimony adduced on this trial, we have no alternative but to hold that petitioners did not carry the burden of proof required by the rule set out above and deny liability.
*493 Therefore, judgment is reversed, rejecting plaintiffs’ demands, with prejudice, and judgment is hereby entered on behalf of defendants. Plaintiffs to pay all costs.
Reversed and rendered.