YARRUT, Judge.
This suit was filed by Plaintiff to recover damages, individually and on behalf of his 8-year old minor son, for injuries sustained by the latter when' he slipped and fell at the Burger Chef lunch counter, on Veterans Highway, Metairie, Louisiana, June 2, 1966, while standing at the counter waiting fbr an order of soft drinks. The boy struck his mouth on the counter top as he fell. Immediately thereafter, he was taken to Dr. F. J. Padua, a general practitioner, and treated on an emergency basis, and then referred to Dr. J. M. Breckenridge, a dentist. The only injury of consequence was to his teeth.
Plaintiff filed suit against Burger Chef Systems, Inc. and Casualty Reciprocal Exchange, but later filed a motion dismissing Burger Chef Systems, Inc. from the suit. Reference hereinafter to Defendant will be to Casualty Reciprocal Exchange only.
The District Court gave judgment in favor of Defendant, dismissing Plaintiff’s suit, at his cost, resulting in this appeal by Plaintiff.
Plaintiff produced Terry St. Romain and Mrs. Patsy Neilson, who testified to the facts surrounding Terry’s injury. Defendant produced Vincent Miceli, Jr., porter, and the deposition of Ronald John Rogers, who was store manager for Burger Chef Systems, Inc. at the time of the accident. Neither Miceli nor Mr. Rogers was employed by Burger Chef at the time of the trial.
Miceli testified he had been mopping the premises just prior to Terry’s fall, but that he had started from the left side of the store, while the boy came in from the right; that he had not mopped the floor adjacent to the counter where Terry was standing and consequently that spot was not wet; and that right before the fall Terry was standing on one foot.
Terry St. Romain testified that the first time he felt anything wet was when his foot slipped while he was standing beside the counter, thus negating the possibility that his feet could have become wet as he walked into the establishment, and that could have caused the fall, even though the spot where he was standing was dry.
Mrs. Patsy Neilson testified she was in charge of Terry at the time; that she had taken her own and the St. Romain children on an outing to the shore of Lake Pontchartrain just prior to stopping at the Burger Chef store; and that she was diverted by the activities of other youngsters and did not see Terry fall; that she saw Terry, holding his mouth with a wet towel when he came out with the store manager Rogers, and that Mr. Rogers told her he was sorry Terry slipped on a wet floor, and that she should take him to a doctor and have the bill sent to his employer. However, in his deposition, Mr. Rogers denied he said anything about the mopping operation.
He further testified that the place where the boy was standing had not been mopped and that, in fact, Miceli was mopping seven or eight feet away from where the child was standing.
In the District Judge’s “Reasons for Judgment,” he stated:
“This suit for damages is based upon a fall by plaintiff’s 8-year old son in a food shop insured by defendant insurer. For some reason, Defendant Burger Chef Systems, Inc. was dismissed from the suit and only the insurer remains as a party defendant.
“The sole question presented to the Court, is the negligence of the proprietor in his alleged failure to maintain his premises in a reasonably safe condition for the protection of his customers. The jurisprudence in the area of the ‘slip and fall’ cases have adequately and comprehensively delineated the legal duty and obligations of a proprietor of a business establishment catering to the public. *688 Said duty is not that of an insurer and the proprietor is charged only with that reasonable exercise of care, which will prevent injury to his customers. Jones v. W .T. Grant Company [La.App.], 187 So.2d 470.
“To maintain a cause of action against the owner of a store for injuries resulting from a fall on the premises, plaintiff must show by a clear preponderance of the evidence that: (1) A dangerous condition existed at the point where the fall occurred, i. e., some foreign substance was present to account for the fall; (2) that the dangerous condition or foreign substance caused the fall; (3) that the storekeeper was negligent in allowing the dangerous condition to exist; and (4) that the storekeeper had actual or constructive knowledge of the dangerous condition. In light of these general requirements for liability, the evidence presented in the instant case does not satisfy the requisites of (1) or (2) above.
“While each slip and fall c?se must, of necessity, stand on its own particular set of facts and circumstances, the Court finds that there is no testimony in this case by any witness to establish the presence of a dangerous substance at the site of plaintiff’s son’s fall. There was a mopping-cleaning operation in progress at the time of the accident, but witnesses for both plaintiff and defendant placed such operation some distance from the fall’s location.
“What caused the accident to young Terry St. Romain is unestablished, but it is not every unexplained fall in a place of business which gives rise to a cause of action.
“The Court is influenced by the fact that young St. Romain struck his chin on the counter, and consequently must have been facing the counter, while standing on one foot, as testified to by witness Vincent Miceli, Jr. Apparently, it was the young plaintiff’s son’s precarious posture which caused him to suddenly lose his balance and strike his chin rather than a foreign substance on the floor in his immediate vicinity.
“For the foregoing reasons, the Court finds in favor'of the defendant.
“Additionally, while the Court feels that plaintiff is entitled to recover his medical expenses, in the amount of $50.00, from the proprietor as a result of his employee’s commitment, since the proprietor is not before the Court, this award cannot be made.” <■’
Plaintiff makes much of the fact that Mr. Rogers told Mrs. Neilson his employer would pay for any medical bill incurred as a result of the accident. We cannot agree, under the facts and circumstances, that this was an admission of liability.
We can find no manifest error in the finding of facts and conclusions of law of the District Court and must, therefore, affirm the judgment; Plaintiff to pay all costs in both Courts.
Affirmed.