216 So.2d 394 (1968)
Mrs. Edna LEVY, Widow of Norman J. KAUFFMANN
v.
The ROYAL ORLEANS, INC., et al.
No. 3253.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1968.
*395 Herbert S. Weil, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, William A. Porteous, III, Michael E. Wanek, New Orleans, for defendants-appellees.
Before SAMUEL, HALL and JOHNSON, JJ.
JOHNSON, Judge.
This plaintiff fell to the floor of the restaurant called the Rib Room operated by defendant, The Royal Orleans, Inc. She filed this suit against the hotel and its public liability insurer for alleged personal injury damages. After trial the Civil District Court for the Parish of Orleans rendered judgment for defendants and plaintiff has appealed.
*396 On December 30, 1964, plaintiff took her cousin, Mrs. Pearla Schwartz and Mrs. Schwartz's two young grandsons to The Royal Orleans Hotel to have lunch in the Rib Room. All tables were occupied when they arrived. After waiting some thirty minutes the headwaiter, Hans Mueller, went to the cocktail lounge to tell Mrs. Kauffmann that a table was available and he led Mrs. Kauffmann to the table. With Mr. Mueller in the lead, followed closely by Mrs. Kauffmann, they were walking between the other tables occupied by other patrons toward the table where Mrs. Kauffmann and her guests were to sit. When Mr. Mueller reached the table he turned to pull out a chair to seat Mrs. Kauffmann. Right at that instant Mrs. Kauffmann fell to the floor alongside her table. Mrs. Kauffmann described her fall by saying that the waiter was leading her to the table and she stepped on a piece of orange or lemon peel and "my legs just slipped from under me and I fell and I was in a sitting position when I realized that I was down." She did not see the peel until after she fell. She said it was on the floor close to her right side. She was given assistance to get up, after which she sat at the table and had lunch with her guests. After lunch she took her guests to the Steamer President on the Mississippi River for a boat ride in the afternoon. Mrs. Kauffmann said she and Mr. Mueller were walking between other tables and she thinks she could have touched the other tables as she walked along. She would not exactly describe the space where they walked as an aisle. At first she testified that she slipped on the peel, but when asked how she could be certain about it she answered: "Because I slid on it and it was there and it was the only thing." When she saw the peel it was by her side and not at her feet.
Mr. Mueller testified that the lunch hour started at 11:30 a. m., when the floors were cleaned and then inspected by him and the housekeeper at which time the peel was not on the floor. He said the peel could not have been on the floor for any period of time because he walked back and forth over that area many times and if it had been there he would have picked it up; that all the waiters are instructed to watch out for foreign material on the floor; that if anything is found they must pick it up; that a bus boy is always assigned to constantly check for such objects and if any appear to clean them up during the meal period; that when he was assisting Mrs. Kauffmann to get up he saw a very small piece of orange or lemon peel close beside her and that it was fresh in appearance. Other employees of the hotel described the system followed to clean and keep the floors clean of foreign objects and the instructions given the waiters and bus boys who keep close watch on the floor for any object that should not be there, but on this occasion none had been found and none reported to them. Some of these witnesses had started employment there after this occasion but their explanations were the same as those who were working there on that day.
Mrs. Schwartz testified by deposition that she did not see Mrs. Kauffman fall because she and her grandsons were not following Mr. Mueller and Mrs. Kauffmann to the table, though Mr. Mueller said Mrs. Kauffmann and her whole party were following him to the table.
Counsel for plaintiff wrote in his brief that the captain, meaning the headwaiter, Hans Mueller, testified that Mrs. Kauffmann "Slipped and fell on an orange or lemon peel." Mr. Mueller did not say that but only said that after the fall he saw the piece of peel in the vicinity of where she fell.
We quite agree with the argument of counsel for plaintiff that Mrs. Kauffmann had every reason to believe that the headwaiter would not conduct her through an aisle that was dangerous or on which there was some foreign object on which she might slip and fall. We will add that this would be true if Mr. Mueller *397 knew of the presence of such an object or had any reason to suspect that the object was on the floor. That argument does not relieve plaintiff of the burden of proving there was negligence on the part of any hotel employee in carelessly dropping the foreign object on the floor, or that the employee had actual knowledge that such an object was on the floor at the time, or, if the employees had no actual knowledge of the object being on the floor, that the object had gotten on the floor by some other means and had been there long enough to constitute constructive notice or knowledge of its presence. We also agree that Mrs. Kauffmann was not required under these circumstances to keep her eyes constantly on the floor when she was following the headwaiter on that occasion.
In many decisions by appellate courts in many slip and fall cases in this state, it has been held that each case must be judged on the facts of that particular case. The issue before this court now is: Do these facts prove that the hotel employees failed to exercise reasonable care in its floor cleaning and inspection system and did Mrs. Kauffmann slip on a foreign object, the presence of which on the floor the employees had actual or constructive knowledge.
Counsel quotes from the case of St. Romain v. Burger Chef Systems, Inc., La.App., 211 So.2d 686, in which there was judgment for defendant. The quotation in counsel's brief recites principles of law applicable to all such cases, as follows:
"* * * Said duty is not that of an insurer and the proprietor is charged only with that reasonable exercise of care, which will prevent injury to his customers. Jones v. W. T. Grant Company (La.App.), 187 So.2d 470.
"To maintain a cause of action against the owner of a store for injuries resulting from a fall on the premises, plaintiff must show by a clear preponderance of the evidence that: (1) A dangerous condition existed at the point where the fall occurred, i. e., some foreign substance was present to account for the fall; (2) that the dangerous condition or foreign substance caused the fall; (3) that the storekeeper was negligent in allowing the dangerous condition to exist; and (4) that the storekeeper had actual or constructive knowledge of the dangerous condition. * * *"
We refer to the cases cited by counsel for plaintiff. In Hesse v. Marquette Casualty Company, La.App., 170 So.2d 173, the plaintiff slipped on the foyer floor of a lounge covered with vinyl tile, mopped and cleaned daily and waxed three times a week. The proprietor of the lounge allowed rain water to accumulate on the floor. It was raining at the time. The water created a hazardous condition. Such facts are quite distinguishable from our case here.
This court affirmed a decision by Judge Chasez, then on the Civil District Court bench, when he decided the case of Benton v. Connecticut Fire Insurance Company, La.App., 145 So.2d 89, in favor of defendant. In that case the porter and maid had cleaned the floor of the lounge on Mardi Gras Day prior to the noon hour. The porter left at 2:00 o'clock and this is relied on as a failure to keep the premises in a clean condition. Others testified that they had traversed the area and had no knowledge of and saw no foreign substance on the floor, and if any employee had seen anything it would have been removed immediately. If anything had been spilled on the floor by anybody the substance did not remain long enough to constitute constructive knowledge of it.
We find that the testimony in our case is convincing that the hotel employees were instructed to keep the floors free of any foreign objects and that the system followed in the Rib Room was sufficient to enable the court to find and hold that the premises were kept in a reasonably safe condition. There is no evidence that the waiters, bus boys and porters did not perform the duties assigned them. The time *398 lapse between observations and inspections of the floor make it reasonable to assume that the small piece of peel found on the floor could have been there only a very short time, probably only a very few minutes or few seconds. No one had seen it and we believe that there was no knowledge or notice of it and there was no negligence proven on the part of these employees. We are not even sure that Mrs. Kauffmann's foot slipped on the peel. It was not near her feet and it still had a fresh appearance. If her foot had slipped on it, it is most likely that it would have been crushed. The case of St. Romain v. Burger Chef Systems, Inc., supra, relied on by counsel for plaintiff, lays down the rule that to prove negligence there must be a clear preponderance of evidence.
In the case of Dever v. George Theriot's, Inc., La.App., 159 So.2d 602, the plaintiff slipped on a piece of lettuce which had fallen on the floor a few minutes earlier when the clerk was loading produce on a cart. The clerk left the produce operation to serve another customer at another counter. The evidence showed that the lettuce was dropped and a hazard created by the employee which made the defendant liable under the doctrine of respondeat superior. In the cases relied on by the defendant in the Dever's case, the evidence did not prove that the extraneous substance on the floor directly resulted from the acts of an employee. The situation in the Dever's case was distinguishable in that respect from the cases cited by defendant in the Dever's case. The court said that in order to prove negligence the substance on the floor must result from an act of the employee, but if the substance is there by the act of a third person, the substance must be there a sufficient time for the storekeeper to have actual or constructive notice of the hazard so created. The court said in that case that: "The basis of the liability here is the creation of the hazard, not the failure to remedy or to warn of it."
In Manning v. Morrison Cafeterias Consolidated, Inc., La.App., 160 So.2d 818, the employee had dropped a can of oil on the floor and had not had time to clean it up. Plaintiff stepped in it, slipped and fell. The court properly held that the defendant should have either cleaned it up immediately or warned the plaintiff of its presence. The defendant's employee had knowledge of what happened. That is not our situation here.
In Fowler v. F. W. Woolworth Company, La.App., 169 So.2d 754, the employee had been instructed to rope off an aisle when he was mopping it with soapy water. The employee did not do that and left the area with the soapy water on it. The plaintiff walked on it and fell. The court properly held that the employee had created the hazard and had left the area in an unsafe condition.
In Robnett v. Greater American Insurance Co. of N. Y., La.App., 187 So.2d 152, plaintiff's foot wedged in the corner of a platform, with rugs piled on it, which extended into the aisle. The condition had existed for some days to the knowledge of the storekeeper. Two prior similar injuries had occurred there in the same manner. In our case the law is the same but the facts are quite different, and this requires a different ruling.
In Provost v. Great Atlantic & Pacific Tea Company, La.App., 154 So.2d 597, the storekeeper was held liable for injuries to a customer who fell over some boxes which an employee had left in the aisle. The court held that the storekeeper failed to exercise ordinary care and to provide a reasonably safe condition for his customers. In that case the size of the boxes and the fact that there was no question about who put them in the aisle distinguishes it from the case before us.
The decision of Singleton v. Foodtown, Inc., La.App., 195 So.2d 439, cited by plaintiff proves that an employee left a box of ripe bananas in the aisle from which juice ran out on the floor causing plaintiff to fall when plaintiff stepped in it. The employees said they did not see the substance *399 on the floor but there was no doubt that the employees created the hazard by leaving the bananas in the aisle. Therefore, they are charged with knowledge of the condition. In our case there is no evidence as to how the peel got on the floor and there is no evidence that the peel had been there long enough to constitute constructive knowledge and notice.
Counsel for plaintiff says he relies on the cases of Dyer v. Stephens Buick Co., La. App., 125 So.2d 185, and Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636.
The facts in the Dyer case are that plaintiff drove his car into defendant's garage and parked it at a spot either designated by an employee, or, if the employee did not point out where plaintiff should park, the employee was present and standing by plaintiff's car and near a puddle of oil eight inches in diameter on the floor clearly visible to the employee. When plaintiff stepped out of his car he slipped on the oil. There is quite a difference in the visibility of the oil as compared to the small piece of peel in our case. In fact, the employee said he actually opened the door of plaintiff's car to let him get out. This court affirmed the trial court in holding that the employee was negligent in not seeing or warning the plaintiff of the danger. In our case the foreign object was described as being very small and was seen by the plaintiff only when she was sitting on the floor and by the headwaiter when he leaned over to help her up. Apparently the peel was not easily discernible from a standing position. The waiter was engaged in pulling a chair out to afford plaintiff easy access to her seat and plaintiff probably had her mind on getting into the chair. We can find no negligence on the part of Mr. Mueller or any other employee of the defendant in our case.
In Foggin v. General Guaranty Insurance Company, supra, case the host had nailed a plank across the bottom of a gate to prevent his dog from escaping. The plank extended only about six or eight inches above the ground. The host was present and opened the gate for plaintiff to pass through. It was night in complete darkness. In that case the host had created the hazard and had knowledge of it. That situation is no authority to support plaintiff's claim here.
Counsel for defendant has correctly and concisely stated the principles of law which support our findings against the plaintiff in this case, as follows:
"Plaintiff has failed to carry her burden of proof; plaintiff has failed to show that the alleged extraneous substance on the floor of the Rib Room of The Royal Orleans was placed there by the owner or one of his employees, or if placed by someone else, that the owner or his employees had actual knowledge of the presence of the substance or that it had remained in such a position of danger for such a length of time that the owner or his employees should have had knowledge of the presence of the substance."
Counsel has cited a number of decisions which adhere to these principles. Some of the cases he cites contain facts that do not bring those cases in line with the present case. We think those decisions referred to below contain facts which make them applicable to the situation now under consideration.
The decision of Levine v. Hartford Accident & Indemnity Co., La.App., 149 So.2d 433, is cited and quoted from with approval in Roberts v. Courville, La.App., 162 So.2d 750, as follows:
"The general principles of law applicable in these slip and fall cases are well established in our jurisprudence. It is fundamental that the owner of a business establishment is not the insurer of the safety of visitors. He need only keep the floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. *400 See Meyerer v. S. H. Kress & Co., La.App., 89 So.2d 475 and Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562 and the cases cited therein. The mere fact that a visitor is injured on the premises does not create a presumption of negligence. In order to recover, a visitor must prove a breach of the duty of the owner to use reasonable care. * * *"
The same principle of law is enunciated and upheld in DeMarco v. Great Atlantic & Pacific Tea Company, La.App., 190 So. 2d 491, where the plaintiff slipped on some pea hulls on the floor. Defendant's employee in that case testified that after the fall he picked up by hand two mashed peas from the floor. The Court of Appeal dismissed DeMarco's suit, holding that plaintiff "* * * did not carry the burden of proof required by the rule," citing Roberts v. Courville, supra.
In the case of Knight v. National Food Stores of Louisiana, Inc., La.App., 142 So. 2d 511, the plaintiff slipped on a piece of banana. Employees had seen a small child eating a banana and had noticed that the child dropped some pieces on the floor. The employees were actually in the process of picking up those pieces when plaintiff fell. Twice before that accident that plaintiff had walked along the same place without mishap; the floor had been swept some forty-five minutes to an hour and a half before the customer fell. This is authority to support the facts in our case here that employees of the hotel were not guilty of negligence and were maintaining the restaurant in a reasonably safe condition.
Of course we have here again, as in many, many cases of all types, that there has been no showing that the trial court committed manifest error in its factual and legal determination. The only decision we can make is to affirm the trial court.
For these reasons the judgment appealed from is affirmed with costs to be paid by plaintiff.
Affirmed.