MILLER, Judge.
This is a personal injury action arising out of plaintiff’s slipping on a piece of lettuce in defendant’s Opelousas store. Plaintiffs, Irene Robins Rideau and her husband, Willie Rideau, are suing defendant, National Food Stores of La., Inc., on the basis of an accident occurring on June 1, 1968 in defendant’s store. The trial court gave judgment for defendant and plaintiffs appealed.
There is no serious dispute about the fact of the accident itself. Mrs. Rideau was shopping in defendant’s store on the morning of June 1, 1968, between 9:00 A. M. and 10:00 A.M. She slipped on a piece of vegetable matter, apparently a piece of lettuce or lettuce butt about the size of a quarter, leaving a skid mark on the surface of the floor about four to six inches long. As she slipped, her right ankle apparently turned and she fell against an apple counter. Her right hip area came into contact with the table but she did not fall to the floor. Defendant’s employees came to her aid immediately and she was taken by them to the office of Dr. S. J. Rozas.
Dr. Rozas found that Mrs. Rideau had complaints of injury to her ankle, right leg and right hip area but found no objective basis for the complaints. Mrs. Rideau was subsequently seen by her own physician, Dr. D. J. deBlanc who treated her for about three months for a spraining injury to the right ankle and a contusing injury to the back.
At issue is whether the defendant store had actual or constructive knowledge of the presence of the piece of lettuce which caused plaintiff to slip. Actual knowledge requires that defendant, through its employees, know the lettuce was on the floor. Constructive knowledge contemplates the situation where the lettuce has remained on the floor for such a length of time prior to the accident as to constitute implied knowledge of its presence.
No one saw the piece of lettuce until after the accident. There is no evidence as to how the lettuce got on the floor.
Wilbert Brown, defendant’s produce manager, testified that the floor was swept clean by 8:00 A.M., after the vegetable bins had been stocked for the day’s opening. The lettuce bin was not stocked again between the time of the sweeping and the accident. Brown did not return to the prod *667 uce area until the accident about an hour and a half later. At this time (after the accident) he observed that the area was still clean and there was nothing on the floor.
John Courville, one of defendant’s produce clerks, testified he had swept the floor that morning, completing the task by 8:00 A.M. He then went up front to bag groceries. He returned to the produce department about 9:30 A.M., deciding at that time to go to the back to get some ice. On the way to get the ice he went through the produce area and looked at the floor to see if it needed sweeping. He walked down the aisle where the accident occurred for the purpose of inspecting the floor and saw nothing, so he went on to get the ice. Upon returning with the ice, he saw plaintiff leaning against the counter saying she had hurt her leg. He called Charles Wayne Richard, telling him to get Mr. Alleman, the manager, to come see about the accident. Courville’s inspection of the floor preceded the accident by some two to five minutes. Under cross-examination about the manner of his prior inspection, Courville stated that he was walking, looking to the left and right “with my eyes rolling”. He stated he could see every portion of the floor and it was clean.
Charles Wayne Richard, another of defendant’s produce clerks, testified he came to work about 9:00 A.M. that morning. He bagged groceries for a few minutes and then went to the produce department about 9:15 A.M. He went to the back to get some bananas to stock the banana display. He stated he looked or glanced over the floor in the produce area about five minutes before the accident and there was nothing on the floor. He was working the banana display about ten feet from the scene of the accident, but with his back to plaintiff, at the time of the accident.
.Mrs. Rideau testified she arrived at the store between 9:00 A.M. and 10:00 A.M. Her five year old niece was with her. She was going to the banana display when her right foot slipped and she fell against the apple counter. She saw nothing on the floor before the accident and she testified that her foot slid along the floor about five or six feet. After the accident she couldn’t see the size of the piece of lettuce or material she slipped on because “To me, after I slid, as heavy as I am it was just all, nothing but water”.
Plaintiffs claim the trial court erred in finding defendant had exercised reasonable care in keeping its store aisles free of debris. Plaintiffs rely on the principles set forth in St. Romain v. Burger Chef Systems, Inc., 211 So.2d 686, 688 (La.App. 4 Cir.1968), to-wit:
“To maintain a cause of action against the owner of a store for injuries resulting from a fall on the premises, plaintiff must show by a clear preponderance of the evidence that: (1) A dangerous condition existed at the point where the fall occurred, i. e., some foreign substance was present to account for the fall; (2) that the dangerous condition or foreign substance caused the fall; (3) that the storekeeper was negligent in allowing the dangerous condition to exist; and (4) that the storekeeper had actual or constructive knowledge of the dangerous condition. * * *”
We have no quarrel with these requirements and subscribe to them. The Court in St. Romain, in denying recovery to plaintiff, also held that:
“Said duty is not that of an insurer and the proprietor is charged only with that reasonable exercise of care, which will prevent injury to his customers. Jones v. W. T. Grant Company (La.App.), 187 So.2d 470”.
We subscribe to this principle also.
Plaintiffs place emphasis on Walters v. Sears, Roebuck and Company, 196 So.2d 563 (La.App. 4 Cir.1967) where plaintiff slipped and fell on a clear greasy substance *668 that had been spilled on the floor of defendant’s toy department. In Walters the toy department had been unattended for forty-five minutes and the porters who normally made regular inspections of the aisles had not done so that day. In our case, although the produce area had not been attended for a period of approximately one and a half hours, two of defendant’s employees had made aisle inspections within a few minutes prior to the accident.
Plaintiffs stress the similarity of Vogts v. Schwegmann, 56 So.2d 177 (La.App. Orleans 1952) where a customer tripped over a protruding beer case. There the court held that thirty or forty minutes was enough time to give the store constructive notice of the dangerous condition. However, in Vogts an eye witness saw the protruding beer case thirty to forty minutes prior to the accident and the Court, in accepting this testimony, charged defendant with constructive knowledge. In the instant case no one saw the piece of lettuce prior to the accident and two of defendant’s employees had inspected the area only minutes prior to the accident.
The evidence demonstrates that defendant’s employees were conscious of their obligation to keep the aisles clean and carried out their duties in this respect. There was no evidence as to how the piece of lettuce got on the floor and no evidence that defendant was aware of its presence. Clearly there was no actual knowledge.
The trial judge who observed the witnesses found that the debris must have been on the floor a very short time specifically holding “ * * * it is hard to see that it would have been on the floor for anything more than four to five minutes if that much.” We have no quarrel with this assessment and therefore agree with the trial court that defendant had no constructive notice of the existence of the offending condition.
Our courts have not saddled the storekeeper with the burden of absolute insurer nor have they imposed upon him the doctrine of res ipsa loquitur. See St. Romain, supra, and Peters v. Great Atlantic and Pacific Tea Company, 72 So.2d 562 (La.App. 2 Cir. 1954). Plaintiffs must prove by a preponderence of evidence that defendant was negligent in failing to maintain its premises in a reasonably safe condition and this they have failed to do.
The judgment of the trial court is affirmed. Costs are taxed to plaintiffs-appellants.
Affirmed.